# No. 25-40357

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

Courtney Morgan,

Plaintiff - Appellant

v.

Mary Chapman; John Kopacz,

Defendants - Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

**RECORD EXCERPTS**

<u>SUBMITTED BY:</u>
Andrew Layton Schlafly
939 Old Chester Road
Far Hills, NJ 07931-0000
908-719-8608

## Table of Contents

| Document | Record Citation | Tab |
|---|---|---|
| Docket Sheet - 6:17-CV-4 | ROA.1-21 | Tab 1 |
| Notice of Appeal | ROA.1952-1954 | Tab 2 |
| Order on Motion for Miscellaneous Relief | ROA.1722-1726 | Tab 3 |
| Order on Motion for Leave to File | ROA.1821-1833 | Tab 4 |
| Order Adopting Memorandum and Recommendations | ROA.1944-1950 | Tab 5 |
| Final Judgment | ROA.1951 | Tab 6 |
| Memorandum and Recommendations | ROA.1729-1757 | Tab 7 |

**TAB 1**

APPEAL,APPEAL_NAT,CLOSED,JKH,MAG

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Victoria)
# CIVIL DOCKET FOR CASE #: 6:17-cv-00004
# Internal Use Only

Morgan et al v. Freshour et al
Assigned to: Judge Drew B Tipton
Referred to: Magistrate Judge Julie K Hampton
Demand: $100,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 01/20/2017
Date Terminated: 05/13/2025
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Courtney Morgan**                    represented by    **Erica Faith Chaplin**
                                                        Anderson and Welch LLC
                                                        500 S Australian Ave
                                                        6th Floor
                                                        West Palm Beach, FL 33401
                                                        561-832-3386
                                                        Email: chaplinlaw@gmail.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kevin Ramon Anderson**
                                                        Anderson & Welch, LLC
                                                        500 S. Australian Ave.
                                                        6th Floor
                                                        West Palm Beach, FL 33401
                                                        561-832-3386
                                                        Email: andewelch@andersonandwelch.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Andrew L Schlafly**
                                                        Attorney at Law
                                                        939 Old Chester Road
                                                        Far Hills, NJ 07931
                                                        908-719-8608
                                                        Email: aschlafly@aol.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Tommy Ernest Swate**
                                                        Tommy Swate
                                                        403 Wild Plum Street
                                                        Houston, TX 77013
                                                        713-377-4860
                                                        Email: swatemd@aol.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Leslie A Werner**

The Werner Law Group
101 W Goodwin Ave
Ste 720
Victoria, TX 77901
361-578-7200
Email: leslie@werner-lawgroup.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Drive Thru Doc, PLLC**          represented by   **Erica Faith Chaplin**
*TERMINATED: 09/29/2021*                          (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Leslie A Werner**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hop Medical Services, M.D.P.A.**   represented by   **Erica Faith Chaplin**
*TERMINATED: 09/29/2021*                             (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Leslie A Werner**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Scott Freshour**                represented by   **Benjamin Storey Lyles**
*in His Official Capacity as Interim*             Office of the Attorney General
*Executive Director of the Texas Medical*         P.O. Box 12548
*Board*                                           Capitol Station
*TERMINATED: 09/29/2021*                          Austin, TX 78711-2548
                                                  512-475-4112
                                                  Email: benjamin.lyles@usdoj.gov
                                                  *TERMINATED: 04/27/2023*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Summer Rayne Lee**
                                                  Texas Attorney General
                                                  300 W. 15th St
                                                  Austin, TX 78701
                                                  512-475-3082
                                                  Email: summer.lee@oag.texas.gov
                                                  *TERMINATED: 10/06/2021*
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Mary Chapman**                                represented by    **Benjamin Storey Lyles**
                                                                (See above for address)
                                                                *TERMINATED: 04/27/2023*
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Cole Parker Wilson**
                                                                Office of the Attorney General
                                                                P.O. Box 12548 Capitol Station
                                                                Austin, TX 78711-2548
                                                                512-936-1309
                                                                Email: cole.wilson@oag.texas.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Farha Butool Rizvi**
                                                                Refugee and Immigrant Center for Education
                                                                and Legal Service
                                                                P.O. Box 786100
                                                                San Antonio, TX 78278
                                                                210-951-8756
                                                                Email: farha.rizvi@raicestexas.org
                                                                *TERMINATED: 03/01/2024*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Seth Byron Dennis**
                                                                Texas Attorney General
                                                                PO Box 12548
                                                                Austin, TX 78711-2528
                                                                512-463-2080
                                                                Email: seth.dennis@oag.texas.gov
                                                                *TERMINATED: 05/11/2022*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Summer Rayne Lee**
                                                                (See above for address)
                                                                *TERMINATED: 10/06/2021*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Todd Alan Dickerson**
                                                                Office of the Texas Attorney General
                                                                P.O. Box 12548
                                                                MC-019
                                                                Austin, TX 78711
                                                                737-228-7289
                                                                Fax: 512-320-0667
                                                                Email: todd.dickerson@oag.texas.gov
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**John Kopacz**                                 represented by

**Christopher Lee Lindsey**
Office of the Atty General Law Enforcement
Defense Div
P O Box 12548
Austin, TX 78711
512-463-2080
Fax: 512/370-9314
Email: christopher.lindsey@oag.texas.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cole Parker Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Evan William Weltge**
Kessler Collins, P.C.
Law Enforcement Defense Division
500 N. Akard St.
Suite 3700
Dallas, TX 75201
214-379-0709
Fax: 214-373-4714
Email: eweltge@kesslercollins.com
*TERMINATED: 05/11/2022*
*ATTORNEY TO BE NOTICED*

**Seth Byron Dennis**
(See above for address)
*TERMINATED: 05/11/2022*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2017 | 1 (p.22) | COMPLAINT against All Defendants (Filing fee $ 400 receipt number 0541-17817803) filed by Courtney Morgan.(Werner, Leslie) (Entered: 01/20/2017) |
| 01/20/2017 | 2 (p.51) | Request for Issuance of Summons as to Scott Freshour, filed.(Werner, Leslie) (Entered: 01/20/2017) |
| 01/20/2017 | 3 (p.53) | Request for Issuance of Summons as to Mary Chapman, filed.(Werner, Leslie) (Entered: 01/20/2017) |
| 01/20/2017 | 4 (p.55) | Request for Issuance of Summons as to John Kopacz, filed.(Werner, Leslie) (Entered: 01/20/2017) |
| 01/20/2017 | 5 (p.57) | CLAIM *Civil Cover Sheet* filed by Courtney Morgan.(Werner, Leslie) (Entered: 01/20/2017) |
| 01/23/2017 |  | Summons Issued as to Scott Freshour, Mary Chapman, John Kopacz. Issued summons returned to plaintiff by: In person. (yhausmann, 6) (Entered: 01/23/2017) |
| 03/22/2017 | 6 (p.59) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 5/23/2017 at 09:30 AM in 4th Floor Courtroom before Judge George C Hanks Jr(Signed by Judge George C Hanks, Jr) Parties notified.(jegonzalez, 3) |

| | | (Entered: 03/22/2017) |
|---|---|---|
| 04/28/2017 | 7 (p.64) | MOTION correspondence request for a pre-motion conference by Mary Chapman, Scott Freshour, filed. Motion Docket Date 5/19/2017. (Lee, Summer) (Entered: 04/28/2017) |
| 04/28/2017 | 8 (p.66) | CERTIFICATE OF INTERESTED PARTIES by Mary Chapman, Scott Freshour, filed.(Lee, Summer) (Entered: 04/28/2017) |
| 05/02/2017 | 9 (p.69) | Opposed EMERGENCY MOTION( Motion Docket Date 5/23/2017.), Opposed MOTION to Stay *Scheduling Conference*, Opposed MOTION for Discovery by Mary Chapman, Scott Freshour, filed. (Attachments: # 1 (p.22) Exhibit A, # 2 (p.51) Proposed Order)(Lee, Summer) (Entered: 05/02/2017) |
| 05/02/2017 | 10 (p.82) | RETURN of Service of SUMMONS Executed as to Scott Freshour served on 4/11/2017, answer due 5/2/2017, filed.(Werner, Leslie) (Entered: 05/02/2017) |
| 05/02/2017 | 11 (p.84) | RETURN of Service of SUMMONS Executed as to Mary Chapman served on 4/11/2017, answer due 5/2/2017, filed.(Werner, Leslie) (Entered: 05/02/2017) |
| 05/02/2017 | 12 (p.86) | RETURN of Service of SUMMONS Executed as to John Kopacz served on 4/19/2017, answer due 5/10/2017, filed.(Werner, Leslie) (Entered: 05/02/2017) |
| 05/02/2017 | 13 (p.88) | CERTIFICATE OF INTERESTED PARTIES by John Kopacz, filed.(Dennis, Seth) (Entered: 05/02/2017) |
| 05/02/2017 | 14 (p.90) | PRE-MOTION CONFERENCE/NOTICE -*Letter* by John Kopacz, filed. (Dennis, Seth) Modified on 5/3/2017 (SusanGram, 3). (Entered: 05/02/2017) |
| 05/03/2017 | 15 (p.94) | CERTIFICATE OF INTERESTED PARTIES by Drive Thru Doc, PLLC, Hop Medical Services, M.D.P.A., Courtney Morgan, filed.(Werner, Leslie) (Entered: 05/03/2017) |
| 05/09/2017 | 16 (p.97) | NOTICE of Setting as to 14 (p.90) MOTION, 7 (p.64) MOTION correspondence request for a pre-motion conference. Parties notified. Pre-Motion Conference set for 5/23/2017 at 09:30 AM in 4th Floor Courtroom before Judge George C Hanks Jr, filed. (SusanGram, 3) (Entered: 05/09/2017) |
| 05/09/2017 | 17 (p.98) | ORDER ; Motion-related deadline set re: 9 (p.69) Opposed EMERGENCY MOTIONO pposed MOTION to Stay *Scheduling Conference*Opposed MOTION for Discovery Responses due by 5/16/2017.(Signed by Judge George C Hanks, Jr) Parties notified.(ltrevino, 3) (Entered: 05/09/2017) |
| 05/15/2017 | 18 (p.99) | NOTICE of Resetting. Parties notified. Initial Conference reset for 5/25/2017 at 09:30 AM in Room 406 before Judge George C Hanks Jr, filed. (SusanGram, 3) (Entered: 05/15/2017) |
| 05/15/2017 | 19 (p.100) | NOTICE of Resetting as to 14 (p.90) Request for Pre-Motion Conference, 7 (p.64) MOTION correspondence request for a pre-motion conference. Parties notified. Pre-Motion Conference set for 5/25/2017 at 09:30 AM in Room 406 before Judge George C Hanks Jr, filed. (SusanGram, 3) (Entered: 05/15/2017) |
| 05/15/2017 | 20 (p.101) | INITIAL DISCLOSURES by Drive Thru Doc, PLLC, Hop Medical Services, M.D.P.A., Courtney Morgan, filed.(Werner, Leslie) (Entered: 05/15/2017) |
| 05/15/2017 | 21 (p.107) | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Drive Thru Doc, PLLC, Hop Medical Services, M.D.P.A., Courtney Morgan, filed.(Werner, Leslie) (Entered: 05/15/2017) |
| 05/16/2017 | 22 (p.117) | RESPONSE to 9 (p.69) Opposed EMERGENCY MOTIONOpposed MOTION to Stay *Scheduling Conference*Opposed MOTION for Discovery, 14 (p.90) MOTION, 7 (p.64) MOTION correspondence request for a pre-motion conference filed by Drive Thru Doc, PLLC, |

| | | |
|---|---|---|
| | | Hop Medical Services, M.D.P.A., Courtney Morgan. (Werner, Leslie) (Entered: 05/16/2017) |
| 05/17/2017 | 23 (p.124) | NOTICE *of Vacation Letter* by Mary Chapman, Scott Freshour, filed. (Lee, Summer) (Entered: 05/17/2017) |
| 05/19/2017 | 24 (p.125) | Unopposed EMERGENCY MOTION, MOTION for Continuance ( Motion Docket Date 6/9/2017.) by Mary Chapman, Scott Freshour, John Kopacz, filed. (Attachments: # 1 (p.22) Proposed Order)(Lee, Summer) (Entered: 05/19/2017) |
| 05/22/2017 | 25 (p.130) | ORDER granting 24 (p.125) Unopposed Emergency Motion for Continuance ( Initial Conference and Pre-Motion Conference are hereby rescheduled to occur on 7/18/2017 at 09:30 AM in Room 406 in Victoria,Texas before Judge George C Hanks Jr.(Signed by Judge George C Hanks, Jr) Parties notified.(ltrevino, 3) (Entered: 05/22/2017) |
| 05/22/2017 | 26 (p.131) | NOTICE of Resetting as to 14 (p.90) MOTION. Parties notified. Pre-Motion Conference set for 7/18/2017 at 09:30 AM in Room 406 Courtroom, Victoria, Texas before Judge George C Hanks Jr, filed. (ltrevino, 3) (Entered: 05/22/2017) |
| 05/22/2017 | 27 (p.132) | NOTICE of Resetting as to 25 (p.130) Order on Motion for Emergency,, Order on Motion for Continuance,. Parties notified. Initial Conference set for 7/18/2017 at 09:30 AM in Room 406 in Victoria, TX before Judge George C Hanks Jr, filed. (ltrevino, 3) (Entered: 05/22/2017) |
| 05/23/2017 | 28 (p.133) | NOTICE of Setting as to 9 (p.69) Opposed EMERGENCY MOTION Opposed MOTION to Stay *Scheduling Conference Opposed MOTION for Discovery. Parties notified. Motion Hearing set for 6/14/2017 at 03:30 PM by telephone before Judge George C Hanks Jr, filed. Please call the conference line 10 minutes prior to the hearings at 409-763-7801. There are several cases set on the court's docket, please wait until your case is called. (SusanGram, 3) (Entered: 05/23/2017)* |
| 05/25/2017 | 29 (p.134) | NOTICE of Appearance by Erica Chaplin, Esq. on behalf of Drive Thru Doc, PLLC, filed. (Chaplin, Erica) (Entered: 05/25/2017) |
| 05/25/2017 | 30 (p.136) | NOTICE of Appearance by Erica Chaplin, Esq. on behalf of Hop Medical Services, M.D.P.A., Courtney Morgan, filed. (Chaplin, Erica) (Entered: 05/25/2017) |
| 06/14/2017 | 31 (p.138) | Minute Entry for proceedings held before Judge George C Hanks, Jr. MOTION HEARING held on 6/14/2017 denying 9 (p.69) Opposed EMERGENCY MOTIONOpposed MOTION to Stay *Scheduling Conference*Opposed MOTION for Discovery ( Defendants' designated motions to dismiss due by 6/30/2017., Response to Defendants' Motion to Dismiss due by 7/21/2017.). Appearances: Summer Rayne Lee, Leslie A Werner, Erica Faith Chaplin, Seth Byron Dennis.(Digital # 3:47 - 4:10)(ERO:Donna Wilkerson), filed.(dperez, 3) Modified on 7/12/2017 (ltien, 4). (Entered: 06/15/2017) |
| 06/22/2017 | | (Court only) ***Motion(s) terminated: 14 (p.90) Request for Pre-Motion Conference. Hearing held 6/14/2017. (SusanGram, 3) (Entered: 06/22/2017) |
| 06/30/2017 | 32 (p.140) | NOTICE *Defendant Kopacz' Notice of Disclosure* by John Kopacz, filed. (Dennis, Seth) (Entered: 06/30/2017) |
| 06/30/2017 | 33 (p.142) | MOTION to Dismiss *with Brief in Support* by John Kopacz, filed. Motion Docket Date 7/21/2017. (Attachments: # 1 (p.22) Proposed Order)(Dennis, Seth) (Entered: 06/30/2017) |
| 06/30/2017 | 34 (p.149) | NOTICE *of Defendants' Initial Disclosures* by Mary Chapman, Scott Freshour, filed. (Lee, Summer) (Entered: 06/30/2017) |
| 06/30/2017 | 35 (p.152) | MOTION to Dismiss by Mary Chapman, Scott Freshour, filed. Motion Docket Date 7/21/2017. (Attachments: # 1 (p.22) Proposed Order)(Lee, Summer) (Entered: 06/30/2017) |

| | | |
|---|---|---|
| 07/17/2017 | | (Court only) ***Deadlines terminated. (ltrevino, 3) (Entered: 07/17/2017) |
| 07/17/2017 | 36 (p.164) | CLERKS NOTICE of CANCELLATION. The Pre-Motion Conference scheduled for 7/18/17 is hereby Cancelled Parties notified, filed. (ltrevino, 3) (Entered: 07/17/2017) |
| 07/18/2017 | 37 (p.165) | Minute Entry for proceedings held before Judge George C Hanks, Jr. INITIAL CONFERENCE held on 7/18/2017, PRE-MOTION CONFERENCE held on 7/18/2017. Docket Control Order to be revised as stated on the record. Pre-Motion Conference Hearing held on Defendants' Motion to Dismiss Dkt 35 (p.152) . Plaintiffs to file an Amended Complaint by July 31, 2017. Defendants will notify the Court of their intent to stand on their current 12(b)(6) Motion to Dismiss or file an Amended Motion to Dismiss by August 11, 2017. ( Amended Pleadings due by 7/31/2017., Dispositive Motion Filing due by 8/11/2017.). Appearances: Summer Rayne Lee, Leslie A Werner, Erica Faith Chaplin, Seth Byron Dennis.(Digital # 10:23-10:37)(ERO:Amanda Stanley), filed.(ltrevino, 3) (Entered: 07/18/2017) |
| 07/18/2017 | 38 (p.166) | DOCKET CONTROL ORDER. Trial Term: June 2018. ETT: 7 days. Jury. Amended Pleadings due by 9/16/2017. Joinder of Parties due by 9/16/2017 Pltf Expert Witness List due by 1/10/2018. Pltf Expert Report due by 1/10/2018. Deft Expert Witness List due by 1/31/2018. Deft Expert Report due by 1/31/2018. Discovery due by 3/2/2018. Dispositive Motion Filing due by 4/19/2018. Non-Dispositive Motion Filing due by 4/26/2018. Joint Pretrial Order due by 4/30/2018. Docket Call set for 5/4/2018 at 09:30 AM in Sixth Floor Courtroom before Judge George C Hanks Jr(Signed by Judge George C Hanks, Jr) Parties notified.(dperez, 3) (Entered: 07/20/2017) |
| 07/31/2017 | 39 (p.168) | AMENDED COMPLAINT with Jury Demand against Mary Chapman, John Kopacz filed by Courtney Morgan. Related document: 1 (p.22) Complaint filed by Courtney Morgan, 5 (p.57) Claim filed by Courtney Morgan.(Chaplin, Erica) (Entered: 07/31/2017) |
| 08/10/2017 | 40 (p.188) | MOTION to Dismiss *Plaintiffs' Amended Complaint with Brief in Support* by John Kopacz, filed. Motion Docket Date 8/31/2017. (Attachments: # 1 (p.22) Proposed Order)(Dennis, Seth) (Entered: 08/10/2017) |
| 08/10/2017 | 41 (p.194) | ORDER denying as moot 33 (p.142) Motion to Dismiss.(Signed by Judge George C Hanks, Jr) Parties notified.(agould, 3) (Entered: 08/10/2017) |
| 08/10/2017 | 42 (p.195) | Amended MOTION to Dismiss 39 (p.168) Amended Complaint/Counterclaim/Crossclaim etc. by Mary Chapman, filed. Motion Docket Date 8/31/2017. (Attachments: # 1 (p.22) Proposed Order)(Lee, Summer) (Entered: 08/10/2017) |
| 08/15/2017 | 43 (p.208) | ORDER denying as moot 35 (p.152) Motion to Dismiss.(Signed by Judge George C Hanks, Jr) Parties notified.(dwilkerson, 3) (Entered: 08/15/2017) |
| 08/31/2017 | 44 (p.209) | RESPONSE in Opposition to 40 (p.188) MOTION to Dismiss *Plaintiffs' Amended Complaint with Brief in Support*, filed by Courtney Morgan. (Attachments: # 1 (p.22) Proposed Order)(Chaplin, Erica) (Entered: 08/31/2017) |
| 08/31/2017 | 45 (p.224) | RESPONSE in Opposition to 42 (p.195) Amended MOTION to Dismiss 39 (p.168) Amended Complaint/Counterclaim/Crossclaim etc. , filed by Courtney Morgan. (Attachments: # 1 (p.22) Proposed Order)(Chaplin, Erica) (Entered: 08/31/2017) |
| 09/05/2017 | 46 (p.243) | *Letter requesting deadline extension to file reply* by Mary Chapman, filed.(Lee, Summer) (Entered: 09/05/2017) |
| 09/06/2017 | 47 (p.246) | ORDER granting 46 (p.243) Document. It is therefore ORDERED that Defendants reply to Motion to Dismiss is due on or before September 15, 2017.(Signed by Judge George C Hanks, Jr) Parties notified.(agould, 3) (Entered: 09/06/2017) |

| | | |
|---|---|---|
| 09/14/2017 | 48 (p.247) | NOTICE of Reassignment to Judge Lynn N Hughes, pursuant to General Order No. 2017-14. Deadlines in scheduling orders remain in effect, and all court settings are vacated Judge George C Hanks, Jr no longer assigned to the case. Parties notified, filed. (rwestmoreland, 4) (Entered: 09/14/2017) |
| 09/14/2017 | 49 (p.248) | REPLY to Response to 40 (p.188) MOTION to Dismiss *Plaintiffs' Amended Complaint with Brief in Support*, filed by John Kopacz. (Dennis, Seth) (Entered: 09/14/2017) |
| 09/14/2017 | 50 (p.251) | REPLY to Response to 40 (p.188) MOTION to Dismiss *Plaintiffs' Amended Complaint with Brief in Support*, filed by John Kopacz. (Dennis, Seth) (Entered: 09/14/2017) |
| 09/15/2017 | 51 (p.254) | REPLY in Support of 42 (p.195) Amended MOTION to Dismiss 39 (p.168) Amended Complaint/Counterclaim/Crossclaim etc. , filed by Mary Chapman. (Lee, Summer) (Entered: 09/15/2017) |
| 09/27/2017 | 52 (p.264) | NOTICE of Reassignment to Judge Hayden Head, pursuant to General Order No. 2017-18. Deadlines in scheduling orders remain in effect, and all court settings are vacated Judge Lynn N Hughes no longer assigned to the case. Parties notified, filed. (rwestmoreland, 4) (Entered: 09/27/2017) |
| 10/13/2017 | 53 (p.265) | ORDER Telephone Conference set for 10/19/2017 at 03:00 PM before Judge Hayden Head(Signed by Judge Hayden Head)  **\*\*\*SPECIAL INSTRUCTIONS TO COUNSEL:** Parties must call into the Courts meet-me-line call in number of 713-250-5242. This line will be open 5 minutes prior to the hearing. Once you call the number, you will be connected to the meet-me-line; there will be silence so please hold until the Case Manager calls in to connect all parties. Everyone must be on a land line. No cell phones or speaker phones are permitted. If more than one attorney/party is on the line, for clarity of the record, please state you name when responding to the Court.  **THESE CALL-IN INSTRUCTIONS WILL ONLY BE PROVIDED IN THIS ELECTRONIC NOTICE** \*\*\* Parties notified.(arodriguez, 2) (Entered: 10/13/2017) |
| 10/19/2017 | 54 (p.266) | NOTICE *of Vacation Dates* by Mary Chapman, filed. (Lee, Summer) (Entered: 10/19/2017) |
| 10/19/2017 | | Minute Entry for proceedings held before Judge Hayden Head. TELEPHONE CONFERENCE held on 10/19/2017. Facts of the case discussed with the Court. The Court directs the parties to file their Initial Disclosures with the Court. Parties request that deadlines be extended by 60 days; Court allows. Plaintiff's counsel requests that a mediation date be added to the scheduling order; defense objects. Court overrules. Plaintiff's counsel to submit an amended scheduling order for the Court's approval. The Court permits the plaintiff to amend it's complaint one additional time within 20 days of today's hearing. Appearances: Summer Rayne Lee, Leslie A Werner, Erica Faith Chaplin, Seth Byron Dennis.(Digital # 2:59 - 3:28)(ERO: Jared Marks), filed.(arodriguez, 2) (Entered: 10/19/2017) |
| 10/19/2017 | 55 (p.267) | ORDER REGARDING MEDIATION(Signed by Judge Hayden Head) Parties notified.(arodriguez, 2) (Entered: 10/19/2017) |
| 10/20/2017 | 56 (p.268) | INITIAL DISCLOSURES by John Kopacz, filed.(Dennis, Seth) (Entered: 10/20/2017) |
| 10/20/2017 | 57 (p.273) | INITIAL DISCLOSURES by Courtney Morgan, filed.(Chaplin, Erica) (Entered: 10/20/2017) |
| 10/20/2017 | 58 (p.280) | INITIAL DISCLOSURES by Mary Chapman, filed.(Lee, Summer) (Entered: 10/20/2017) |

| | | |
|---|---|---|
| 10/25/2017 | 59 (p.286) | PROPOSED ORDER *Joint Proposed Amended Pretrial Scheduling Order*, filed.(Werner, Leslie) (Entered: 10/25/2017) |
| 11/02/2017 | 60 (p.288) | SCHEDULING ORDER. Amended Pleadings due by 11/7/2017. Joinder of Parties due by 11/7/2017 Pltf Expert Witness List due by 3/12/2018. Pltf Expert Report due by 3/12/2018. Deft Expert Witness List due by 4/2/2018. Deft Expert Report due by 4/2/2018. Dispositive Motion Filing due by 6/18/2018. Joint Pretrial Order due by 11/5/2018. Final Pretrial Conference set for 11/19/2018 at 09:00 AM in by telephone before Judge Hayden Head Jury Selection set for 11/26/2018 at 08:30 AM before Judge Hayden Head **Jury Trial set for 11/26/2018 at 08:30 AM before Judge Hayden Head** (Signed by Judge Hayden Head) Parties notified.(arodriguez, 2) (Entered: 11/02/2017) |
| 11/07/2017 | 61 (p.290) | Second MOTION to Amend by Courtney Morgan, filed. Motion Docket Date 11/28/2017. (Attachments: # 1 (p.22) Complaint, # 2 (p.51) Proposed Order)(Chaplin, Erica) (Entered: 11/07/2017) |
| 11/08/2017 | 62 (p.323) | ORDER granting 61 (p.290) Motion for Leave to Amend Complaint.(Signed by Judge Hayden Head) Parties notified.(arodriguez, 2) (Entered: 11/08/2017) |
| 11/08/2017 | 63 (p.324) | SECOND AMENDED COMPLAINT against Mary Chapman, John Kopacz filed by Courtney Morgan.(arodriguez, 2) (Entered: 11/08/2017) |
| 11/14/2017 | 64 (p.350) | MOTION to Dismiss *Plaintiffs' Second Amended Complaint with Brief in Support* by John Kopacz, filed. Motion Docket Date 12/5/2017. (Attachments: # 1 (p.22) Proposed Order)(Dennis, Seth) (Entered: 11/14/2017) |
| 11/21/2017 | 65 (p.356) | MOTION to Dismiss 63 (p.324) Amended Complaint/Counterclaim/Crossclaim etc. by Mary Chapman, filed. Motion Docket Date 12/12/2017. (Attachments: # 1 (p.22) Proposed Order)(Lee, Summer) (Entered: 11/21/2017) |
| 11/28/2017 | 66 (p.380) | RESPONSE in Opposition to 64 (p.350) MOTION to Dismiss *Plaintiffs' Second Amended Complaint with Brief in Support*, filed by Courtney Morgan. (Attachments: # 1 (p.22) Proposed Order)(Chaplin, Erica) (Entered: 11/28/2017) |
| 12/05/2017 | 67 (p.396) | ORDER mooting 40 (p.188) Motion to Dismiss; mooting 42 (p.195) Motion to Dismiss.(Signed by Judge Hayden Head) Parties notified.(arodriguez, 2) (Entered: 12/06/2017) |
| 12/12/2017 | 68 (p.397) | RESPONSE in Opposition to 65 (p.356) MOTION to Dismiss 63 (p.324) Amended Complaint/Counterclaim/Crossclaim etc. , filed by Courtney Morgan. (Attachments: # 1 (p.22) Exhibit Victoria Judicial District Court Order, # 2 (p.51) Proposed Order Proposed Order)(Chaplin, Erica) (Entered: 12/12/2017) |
| 12/19/2017 | 69 (p.434) | REPLY in Support of 65 (p.356) MOTION to Dismiss 63 (p.324) Amended Complaint/Counterclaim/Crossclaim etc. , filed by Mary Chapman. (Lee, Summer) (Entered: 12/19/2017) |
| 01/17/2018 | 70 (p.447) | NOTICE *of Vacation Dates* by Mary Chapman, filed. (Lee, Summer) (Entered: 01/17/2018) |
| 02/01/2018 | 71 (p.448) | NOTICE of Reassignment to Judge George C Hanks, Jr, pursuant to General Order No. 2018-02. Deadlines in scheduling orders remain in effect, and all court settings are vacated Judge Hayden Head no longer assigned to the case. Parties notified, filed. (yhausmann, 6) (Entered: 02/01/2018) |
| 03/05/2018 | 72 (p.449) | NOTICE of Reassignment to Judge Kenneth M Hoyt. Deadlines in scheduling orders remain in effect Judge George C Hanks, Jr no longer assigned to the case. Parties notified, filed. (rwestmoreland, 4) (Entered: 03/05/2018) |

| | | |
|---|---|---|
| 04/11/2018 | 73 (p.450) | NOTICE of Setting. Parties notified. Telephone Conference set for 4/16/2018 at 09:30 AM before Judge Kenneth M Hoyt, filed. (On Meet-Me Line) (chorace) (Entered: 04/11/2018) |
| 04/16/2018 | 74 (p.451) | ORDER FOLLOWING TELEPHONE SCHEDULING CONFERENCE held on April 16, 2018 at 9:30 a.m. Appearances: Amy Swamholm Summer Rayne Lee, Erica Faith Chaplin, Seth Byron Dennis. (Court Reporter: G. Dye). Pltf Expert Witness List due by 6/30/2018. Pltf Expert Report due by 6/30/2018. Deft Expert Witness List due by 7/30/2018. Deft Expert Report due by 7/30/2018. Discovery due by 9/30/2018. Dispositive Motion Filing due by 10/15/2018. Docket Call set for 1/7/2019 at 11:30 AM in 4th Floor Courtroom before Judge Kenneth M Hoyt. The defendants' motions to dismiss 64 (p.350) and 65 (p.356) are taken under advisement. Discovery may be extended by agreement of the parties without Court intervention. The dispositive motion deadline and docket call dates, however, may not be extended without leave of Court. Attorney's fee applications are handled on the papers of the parties after notice. Expedited responses are required on all pretrial motions save dispositive motions. ETT: TBD. Jury trial. (Signed by Judge Kenneth M Hoyt) Parties notified.(chorace) (Entered: 04/20/2018) |
| 04/20/2018 | 75 (p.453) | MEMORANDUM AND ORDER denying 64 (p.350) and 65 (p.356) MOTIONS to Dismiss. (Signed by Judge Kenneth M Hoyt) Parties notified.(chorace) (Entered: 04/20/2018) |
| 05/03/2018 | 76 (p.462) | Opposed MOTION for Extension of Time to Answer Plaintiff's Second Amended Complaint by Mary Chapman, filed. Motion Docket Date 5/24/2018. (Attachments: # 1 (p.22) Proposed Order)(Lee, Summer) (Entered: 05/03/2018) |
| 05/08/2018 | 77 (p.467) | ORDER Granting 76 (p.462) Opposed MOTION for Extension of Time to Answer Plaintiff's Second Amended Complaint ; Answer due for Mary Chapman 5/29/2018; John Kopacz 5/29/2018(Signed by Judge Kenneth M Hoyt) Parties notified.(sanderson, 4) (Entered: 05/08/2018) |
| 05/18/2018 | 78 (p.468) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit by Mary Chapman, John Kopacz (Filing fee $ 505, receipt number 0541-20097397), filed. (Dennis, Seth) (Entered: 05/18/2018) |
| 05/21/2018 | 79 (p.471) | DKT13 TRANSCRIPT ORDER REQUEST by Defendant/Summer R. Lee. This is to order a transcript of Initial Conference & Pre-Motion Conference on Defendants' Motion to Dismiss on 7/18/17 before Judge George C. Hanks, Jr.. Court Reporter/Transcriber: Judicial Transcribers of Texas. This order form relates to the following: 37 (p.165) Scheduling Conference,,, Pre-Motion Conference,,, filed. (Lee, Summer) ELECTRONICALLY FORWARDED TO JUDICIAL TRANSCRIBERS OF TEXAS 5/22/2018. (Entered: 05/21/2018) |
| 05/21/2018 | 80 (p.472) | DKT13 TRANSCRIPT ORDER REQUEST by Defendant/Summer R. Lee. This is to order a transcript of Telephone Conference on 10/19/17 before Judge Hayden Head. Court Reporter/Transcriber: Judicial Transcribers of Texas. This order form relates to the following: Telephone Conference,,,, filed. (Lee, Summer)Audio and log notes uploaded to Juidicial Transcribers on 5/22/18 at 2:40 pm by FC. (Entered: 05/21/2018) |
| 05/21/2018 | 81 (p.473) | DKT13 TRANSCRIPT ORDER REQUEST by Defendant/Summer R. Lee. This is to order a transcript of Telephone Conference on 4/16/18 before Judge Kenneth M. Hoyt. Court Reporter/Transcriber: Gayle Dye. This order form relates to the following: 78 (p.468) Notice of Appeal, filed. (Lee, Summer) (Entered: 05/21/2018) |
| 05/21/2018 | 82 (p.474) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 78 (p.468) Notice of Appeal. Fee status: Paid. Reporters: ERO; Gayle Dye, CSR. (Attachments: # 1 (p.22) Notice of Appeal) (yhausmann, 6) (Entered: 05/21/2018) |

| | | |
|---|---|---|
| 05/21/2018 | | Appeal Review Notes re: <u>78 (p.468)</u> Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted. Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: filed. (yhausmann, 6) (Entered: 05/21/2018) |
| 05/24/2018 | | Notice of Assignment of USCA No. 18-40491 re: <u>78 (p.468)</u> Notice of Appeal. (yhausmann, 6) (Entered: 05/24/2018) |
| 06/07/2018 | <u>83 (p.2000)</u> | APPEAL TRANSCRIPT re In-Chambers Telephone Conference held on April 16, 2018, before Judge Kenneth M Hoyt. Court Reporter/Transcriber Dye. Ordering Party: Summer R. Lee. This transcript relates to the following: <u>78 (p.468)</u> Notice of Appeal, <u>81 (p.473)</u> Appeal Transcript Request,. Release of Transcript Restriction set for 9/5/2018., filed. (gdye, ) (Entered: 06/07/2018) |
| 06/08/2018 | <u>84 (p.478)</u> | Notice of Filing of Official Transcript as to <u>83 (p.2000)</u> Transcript - Appeal,. Party notified, filed. (ltesch, 6) (Entered: 06/08/2018) |
| 06/22/2018 | <u>85 (p.1961)</u> | APPEAL TRANSCRIPT re Initial Appearance held on July 18, 2017 before Judge George C Hanks, Jr. Court Reporter/Transcriber Judicial Transcribers of Texas, LLC. Ordering Party: Summer R. Lee. This transcript relates to the following: <u>78 (p.468)</u> Notice of Appeal, <u>79 (p.471)</u> Appeal Transcript Request,. Release of Transcript Restriction set for 9/20/2018., filed. (mahenry, ) (Entered: 06/22/2018) |
| 06/22/2018 | <u>86 (p.1975)</u> | APPEAL TRANSCRIPT re Telephonic Conference held on October 19, 2017 before Judge Hayden Head. Court Reporter/Transcriber Judicial Transcribers of Texas, LLC. Ordering Party: Summer R. Lee. This transcript relates to the following: <u>80 (p.472)</u> Appeal Transcript Request, <u>78 (p.468)</u> Notice of Appeal. Release of Transcript Restriction set for 9/20/2018., filed. (mahenry, ) (Entered: 06/22/2018) |
| 06/26/2018 | <u>87 (p.479)</u> | Notice of Filing of Official Transcript as to <u>85 (p.1961)</u> Transcript - Appeal, <u>86 (p.1975)</u> Transcript - Appeal,. Party notified, filed. (ltesch, 6) (Entered: 06/26/2018) |
| 07/06/2018 | | (Court only) ***(PRIVATE ENTRY) EROA requested by USCA, due 7/23/2018. (yhausmann, 6) (Entered: 07/06/2018) |
| 07/16/2018 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: <u>78 (p.468)</u> Notice of Appeal (USCA No. 18-40491). (yhausmann, 6) (Entered: 07/16/2018) |
| 07/16/2018 | | Electronic Access to Record on Appeal Provided re: <u>78 (p.468)</u> Notice of Appeal to Bill Davis. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u> (USCA No. 18-40491), filed.(yhausmann, 6) (Entered: 07/16/2018) |
| 08/31/2018 | | Electronic Access to Record on Appeal Provided re: <u>78 (p.468)</u> Notice of Appeal to Tommy Swate for Appellee. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals.</u> (USCA No. 18-40491), filed.(yhausmann, 6) (Entered: 08/31/2018) |
| 09/10/2018 | | Electronic Access to Record on Appeal Provided re: <u>78 (p.468)</u> Notice of Appeal to Andrew Layton Schlafly for Amicus Curiae Association of American Physicians & Surgeons. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals.</u> (USCA No. 18-40491), filed.(yhausmann, 6) (Entered: 09/10/2018) |
| 12/05/2018 | <u>88 (p.480)</u> | NOTICE of Setting. Parties notified. Telephone Conference regarding docket call is set for 1/3/2019 at 02:00 PM before Judge Kenneth M Hoyt, filed. (On "Meet-Me" Line) (chorace) (Entered: 12/05/2018) |
| 12/06/2018 | <u>89 (p.481)</u> | NOTICE of Resetting. Parties notified. Telephone Conference regarding docket call is reset for 12/27/2018 at 02:00 PM before Judge Kenneth M Hoyt, filed. (On "Meet-Me" Line) (chorace) |

| | | |
|---|---|---|
| | | (Entered: 12/06/2018) |
| 12/10/2018 | 90 (p.482) | NOTICE of Resetting. Parties notified. Telephone Conference regarding docket call is reset for 1/2/2019 at 02:00 PM before Judge Kenneth M Hoyt, filed. (On "Meet-Me" Line) (chorace) (Entered: 12/10/2018) |
| 12/20/2018 | 91 (p.483) | ORDER. The Court continues a stay in this case to March 31, 2019, at which time the plaintiffs counsel shall file a status report.(Signed by Judge Kenneth M Hoyt) Parties notified.(chorace) (Entered: 12/20/2018) |
| 12/20/2018 | | ***Set/Reset Deadlines: Joint Status Report due by 3/31/2019. (chorace) (Entered: 12/20/2018) |
| 03/31/2019 | 92 (p.484) | STATUS REPORT by Courtney Morgan, filed.(Chaplin, Erica) (Entered: 03/31/2019) |
| 07/06/2020 | 93 (p.487) | NOTICE of Reassignment to Judge Drew B Tipton, pursuant to Special Order No. V-2020-06. Deadlines in scheduling orders remain in effect, and all court settings are vacated. Judge Kenneth M Hoyt no longer assigned to the case. Parties notified, filed. (NicoleDiaz, 4) (Entered: 07/06/2020) |
| 08/17/2020 | 94 (p.488) | NOTICE *Vacation Letter* by Mary Chapman, filed. (Lee, Summer) (Entered: 08/17/2020) |
| 08/31/2020 | 95 (p.489) | Order of USCA; Judgment issued as mandate August 31, 2020 re: 78 (p.468) Notice of Appeal; USCA No. 18-40491. IT IS ORDERED and ADJUDGED that the judgment of the District Court is VACATED, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court, filed. (Attachments: # 1 (p.22) USCA Opinion, # 2 (p.51) USCA Letter)(CarrieDickie, 6) (Entered: 09/01/2020) |
| 09/02/2020 | 96 (p.510) | NOTICE of Setting. Parties notified. Status Conference set for 10/1/2020 at 01:30 PM before Judge Drew B Tipton, filed. (KelliePapaioannou, 2) (Entered: 09/02/2020) |
| 09/02/2020 | | Status Conference set for October 1, 2020 at 1:30 PM will be via ZOOM. Zoom link will be provided to all parties before conference.***, filed. (KelliePapaioannou, 2) (Entered: 09/02/2020) |
| 09/22/2020 | 97 (p.511) | NOTICE of Resetting. Parties notified. Status Conference reset for 9/30/2020 at 11:00 AM before Judge Drew B Tipton, filed. All partites to appear via ZOOM. https://www.zoomgov.com/j/1603946184?pwd=Q0JVbkprWXJaN1pDRUtIWVNwdE1OZz09 Meeting ID: 160 394 6184 Passcode: 062087 Dial by your location +1 669 254 5252 US (San Jose) +1 646 828 7666 US (New York)Per L.R. 83.7 Except by leave of the presiding judge, no photo- or electro-mechanical means of recordation or transmission of court proceedings is permitted. (KelliePapaioannouadi, 2) (Entered: 09/22/2020) |
| 09/26/2020 | 98 (p.512) | Opposed MOTION for Leave to File Plaintiff's Third Amended Complaint by Courtney Morgan, filed. Motion Docket Date 10/19/2020. (Attachments: # 1 (p.22) Exhibit Proposed Third Amended Complaint, # 2 (p.51) Exhibit Victoria District Court Judicial Findings of Facts and Conclusions of Law, # 3 (p.53) Exhibit Cotropia v. Chapman (Fabrication of Evidence), # 4 (p.55) Proposed Order)(Chaplin, Erica) (Entered: 09/26/2020) |
| 09/26/2020 | 99 (p.641) | NOTICE of Appearance by Tommy Swate on behalf of Courtney Morgan, filed. (Swate, Tommy) (Entered: 09/26/2020) |
| 09/30/2020 | | Minute Entry for proceedings held before Judge Drew B Tipton. STATUS CONFERENCE held on 9/30/2020. Pending Motion 98 (p.512) discussed. Response date extended. Response is due by 10/30/2020. Replies due by 11/6/2020. Scheduling Order to be entered. Appearances: Seth Byron Dennis, Summer Rayne Lee, Erica Faith Chaplin, Tommy Ernest Swate.(Digital # |

| | | |
|---|---|---|
| | | 11:02-11:26)(ERO:Angel Mireles), filed.(KelliePapaioannou, 2) (Entered: 09/30/2020) |
| 09/30/2020 | 100 (p.643) | SCHEDULING ORDER. **JURY DEMAND. ETT: UNKNOWN** Pltf Expert Witness List due by 1/8/2021. Deft Expert Witness List due by 2/8/2021. Discovery due by 4/30/2021. Pretrial Motion Filing (except for motions in limine) due by 5/28/2021. Defendants Responses for Leave to File Third Amended Complaint due by 10/30/2020. Plaintiffs Reply due by 11/6/2020 Joint Pretrial Order and Motion In Limine due by 9/2/2021. Docket Call set for 9/9/2021 at 02:00 PM before Judge Drew B Tipton.(Signed by Judge Drew B Tipton) Parties notified.(RochelleLimon, 2) (Entered: 09/30/2020) |
| 10/29/2020 | 101 (p.645) | RESPONSE in Opposition to 98 (p.512) Opposed MOTION for Leave to File Plaintiff's Third Amended Complaint, filed by John Kopacz. (Dennis, Seth) (Entered: 10/29/2020) |
| 10/30/2020 | 102 (p.650) | RESPONSE in Opposition to 98 (p.512) Opposed MOTION for Leave to File Plaintiff's Third Amended Complaint, filed by Mary Chapman. (Attachments: # 1 (p.22) Exhibit A, # 2 (p.51) Proposed Order)(Lee, Summer) (Entered: 10/30/2020) |
| 11/06/2020 | 103 (p.687) | Unopposed MOTION for Extension of Time to Reply to Defendants' Opposition to Plaintiff's Motion to File Third Amended Complaint by Courtney Morgan, filed. Motion Docket Date 11/27/2020. (Attachments: # 1 (p.22) Proposed Order)(Chaplin, Erica) (Entered: 11/06/2020) |
| 11/09/2020 | 104 (p.691) | ORDER granting 103 (p.687) Unopposed MOTION for Extension of Time to Reply to Defendants' Opposition to Plaintiff's Motion to File Third Amended Complaint ; Motion-related deadline set re: 98 (p.512) Opposed MOTION for Leave to File Plaintiff's Third Amended Complaint ( Responses due by 11/16/2020.)(Signed by Judge Drew B Tipton) Parties notified.(legarza, 2) (Entered: 11/10/2020) |
| 11/16/2020 | 105 (p.692) | REPLY to 101 (p.645) Response in Opposition to Motion *for Leave to File Third Amended Complaint*, filed by Courtney Morgan. (Chaplin, Erica) (Entered: 11/16/2020) |
| 11/16/2020 | 106 (p.699) | REPLY to 102 (p.650) Response in Opposition to Motion *for Leave to File Third Amended Complaint*, filed by Courtney Morgan. (Chaplin, Erica) (Entered: 11/16/2020) |
| 07/23/2021 | 107 (p.707) | NOTICE of Appearance by Evan W. Weltge on behalf of John Kopacz, filed. (Weltge, Evan) (Entered: 07/23/2021) |
| 08/24/2021 | | ***Set/Reset Deadlines/Hearings: Joint Pretrial Order and Motion In Limine due by 9/30/2021. Docket Call reset for 10/7/2021 at 02:00 PM before Judge Drew B Tipton. (KelliePapaioannou, 2) (Entered: 08/24/2021) |
| 08/26/2021 | | Docket Call set for October 7, 2021 is terminated. (KelliePapaioannou, 2) (Entered: 08/26/2021) |
| 09/29/2021 | 108 (p.709) | MEMORANDUM OPINION AND ORDER Granting 98 (p.512) Motion for Leave to File Plaintiff's Third Amended Complaint. The Court ORDERS Morgan to file a Third Amended Complaint that complies with this Order by October 15, 2021..(Signed by Judge Drew B Tipton) Parties notified.(KelliePapaioannou, 2) (Entered: 09/29/2021) |
| 09/29/2021 | | (Court only) *** Party Hop Medical Services, M.D.P.A., Drive Thru Doc, PLLC and Scott Freshour (in His Official Capacity as Interim Executive Director of the Texas Medical Board) terminated per 108 (p.709) Memorandum Opinion and Order. (BrittanyBoniface, 6) (Entered: 10/14/2021) |
| 10/06/2021 | 109 (p.727) | NOTICE of Appearance by Benjamin S. Lyles on behalf of Mary Chapman, filed. (Lyles, Benjamin) (Entered: 10/06/2021) |
| 10/13/2021 | | |

| | | |
|---|---|---|
| | 110 (p.730) | Third AMENDED COMPLAINT with Jury Demand against Mary Chapman, John Kopacz filed by Courtney Morgan.(Chaplin, Erica) (Entered: 10/13/2021) |
| 10/27/2021 | 111 (p.760) | MOTION to Dismiss 110 (p.730) Amended Complaint/Counterclaim/Crossclaim etc. by John Kopacz, filed. Motion Docket Date 11/17/2021. (Attachments: # 1 (p.22) Proposed Order)(Weltge, Evan) (Entered: 10/27/2021) |
| 10/27/2021 | 112 (p.768) | MOTION to Dismiss by Mary Chapman, filed. Motion Docket Date 11/17/2021. (Attachments: # 1 (p.22) Proposed Order)(Lyles, Benjamin) (Entered: 10/27/2021) |
| 11/10/2021 | 113 (p.794) | Unopposed MOTION for Extension of Time to Respond to Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint by Courtney Morgan, filed. Motion Docket Date 12/1/2021. (Attachments: # 1 (p.22) Proposed Order)(Chaplin, Erica) (Entered: 11/10/2021) |
| 11/10/2021 | 114 (p.799) | ORDER Granting 113 (p.794) Plaintiff's Unopposed Motion for Extension of Time. Responses to the Defendants' Motions to Dismiss due by November 16, 2021. (Signed by Judge Drew B Tipton) Parties notified.(KelliePapaioannou, 2) (Entered: 11/10/2021) |
| 11/10/2021 | 115 (p.800) | Vacation Letter by Mary Chapman, filed.(Lyles, Benjamin) (Entered: 11/10/2021) |
| 11/10/2021 | 116 (p.801) | Unopposed MOTION for Extension of Time File Reply to Plaintiffs' Response to Motion to Dismiss by Mary Chapman, filed. Motion Docket Date 12/1/2021. (Attachments: # 1 (p.22) Proposed Order)(Lyles, Benjamin) (Entered: 11/10/2021) |
| 11/12/2021 | 117 (p.805) | ORDER GRANTING DEFENDANT MARY CHAPMAN'S UNOPPOSED MOTION FOR EXTENSION OT TIME granting 116 (p.801) Motion for Extension of Time; Motion-related deadline set re: 112 (p.768) MOTION to Dismiss. Replies due by 11/30/2021. (Signed by Judge Drew B Tipton) Parties notified.(CarrieDickie, 6) (Entered: 11/12/2021) |
| 11/16/2021 | 118 (p.806) | RESPONSE in Opposition to 111 (p.760) MOTION to Dismiss 110 (p.730) Amended Complaint/Counterclaim/Crossclaim etc. , filed by Courtney Morgan. (Chaplin, Erica) (Entered: 11/16/2021) |
| 11/16/2021 | 119 (p.821) | RESPONSE in Opposition to 112 (p.768) MOTION to Dismiss , filed by Courtney Morgan. (Chaplin, Erica) (Entered: 11/16/2021) |
| 11/23/2021 | 120 (p.846) | Unopposed MOTION for Extension of Time to Reply to Plaintiff's Response in Opposition to Defendant Kopacz's Motion to Dismiss Plaintiff's Third Amended Complaint by John Kopacz, filed. Motion Docket Date 12/14/2021. (Attachments: # 1 (p.22) Proposed Order)(Weltge, Evan) (Entered: 11/23/2021) |
| 11/23/2021 | 121 (p.851) | ORDER granting 120 (p.846) Unopposed MOTION for Extension of Time to Reply to Plaintiff's Response in Opposition to Defendant Kopacz's Motion to Dismiss Plaintiff's Third Amended Complaint; Motion-related deadline set re: 111 (p.760) MOTION to Dismiss 110 (p.730) Amended Complaint/Counterclaim/Crossclaim etc. Replies due by 12/3/2021. (Signed by Judge Drew B Tipton) Parties notified.(CarrieDickie, 6) (Entered: 11/23/2021) |
| 11/30/2021 | 122 (p.852) | REPLY in Support of 112 (p.768) MOTION to Dismiss , filed by Mary Chapman. (Lyles, Benjamin) (Entered: 11/30/2021) |
| 12/02/2021 | 123 (p.858) | REPLY to Response to 111 (p.760) MOTION to Dismiss 110 (p.730) Amended Complaint/Counterclaim/Crossclaim etc. , filed by John Kopacz. (Weltge, Evan) (Entered: 12/02/2021) |
| 05/10/2022 | 124 (p.871) | Unopposed MOTION to Substitute Attorney Christopher Lee Lindsey in place of Seth Byron Dennis, Evan W. Weltge by John Kopacz, filed. Motion Docket Date 5/31/2022. (Attachments: |

| | | |
|---|---|---|
| | | # 1 (p.22) Proposed Order)(Lindsey, Christopher) (Entered: 05/10/2022) |
| 05/11/2022 | | (Court only) ***Attorney Christopher Lee Lindsey for John Kopacz added. (BrittanyBoniface, 6) (Entered: 05/11/2022) |
| 05/11/2022 | 125 (p.875) | ORDER granting 124 (p.871) Motion to Substitute Attorney. Attorneys Seth Byron Dennis and Evan William Weltge terminated.(Signed by Judge Drew B Tipton) Parties notified.(BrittanyBoniface, 6) (Entered: 05/11/2022) |
| 09/20/2022 | 126 (p.876) | MEMORANDUM OPINION AND ORDER DENYING 111 (p.760) MOTION to Dismiss 110 (p.730) Amended Complaint/Counterclaim/Crossclaim etc. GRANTING in part and DENYING in part 112 (p.768) MOTION to Dismiss. (Signed by Judge Drew B Tipton) Parties notified.(BrittanyBoniface, 6) (Entered: 09/21/2022) |
| 09/23/2022 | 127 (p.916) | Unopposed MOTION for Extension of Time to File Answer to Plaintiff's Third Amended Complaint by Mary Chapman, filed. Motion Docket Date 10/14/2022. (Attachments: # 1 (p.22) Proposed Order)(Lyles, Benjamin) (Entered: 09/23/2022) |
| 09/23/2022 | 128 (p.920) | ORDER granting 127 (p.916) Unopposed MOTION for Extension of Time to File Answer to Plaintiff's Third Amended Complaint. Answer due by 10/17/2022.(Signed by Judge Drew B Tipton) Parties notified.(KelliePapaioannou, 2) (Entered: 09/23/2022) |
| 09/27/2022 | 129 (p.921) | ANSWER to 110 (p.730) Amended Complaint/Counterclaim/Crossclaim etc. with Jury Demand by John Kopacz, filed.(Lindsey, Christopher) (Entered: 09/27/2022) |
| 10/05/2022 | 130 (p.925) | Joint PROPOSED ORDER *(Amended Scheduling Order)* re: 126 (p.876) Memorandum and Order,, filed.(Chaplin, Erica) (Entered: 10/05/2022) |
| 10/06/2022 | 131 (p.927) | SCHEDULING ORDER. Joinder of Parties due by 11/4/2022. Amended Pleadings due by 12/9/2022. Pltf Expert Witness List due by 4/3/2023. Deft Expert Witness List due by 5/5/2023. Completion of Discovery due by 6/30/2023. Dispositive Motion Filing due by 8/7/2023. Pretrial Motions Deadline (excluding motions in limine) Filing due by 8/18/2023. Mediation or Settlement Conference due by 7/21/2023. Joint Pretrial Order and Motions in Limine Deadline 10/26/2023. Docket Call set for 11/9/2023 at 02:00 PM before Judge Drew B Tipton.(Signed by Judge Drew B Tipton) Parties notified.(BrittanyBoniface, 6) (Entered: 10/06/2022) |
| 10/17/2022 | 132 (p.929) | ANSWER to 110 (p.730) Amended Complaint/Counterclaim/Crossclaim etc. by Mary Chapman, filed.(Lyles, Benjamin) (Entered: 10/17/2022) |
| 11/02/2022 | 133 (p.947) | NOTICE *of Attorney Vacation* by Mary Chapman, filed. (Lyles, Benjamin) (Entered: 11/02/2022) |
| 03/31/2023 | 134 (p.948) | Joint MOTION for Extension of Time for Scheduling Order Deadlines by Courtney Morgan, filed. Motion Docket Date 4/21/2023. (Attachments: # 1 (p.22) Proposed Order)(Chaplin, Erica) (Entered: 03/31/2023) |
| 04/05/2023 | 135 (p.955) | SECOND AMENDED SCHEDULING ORDER. Pltf Expert Witness List due by 7/3/2023. Deft Expert Witness List due by 8/4/2023. Discovery due by 9/29/2023. Mediation due by 10/20/2023. Dispositive Motion Filing due by 11/7/2023. Pretrial Motions Deadline due by 12/1/2023. Joint Pretrial Order due by 1/25/2024. Docket Call set for 2/8/2024 at 02:00 PM before Judge Drew B Tipton.(Signed by Judge Drew B Tipton) Parties notified.(RochelleLimon, 2) (Entered: 04/05/2023) |
| 04/05/2023 | | (Court only) ***Motion(s) terminated: 134 (p.948) Joint MOTION for Extension of Time for Scheduling Order Deadlines. (KelliePapaioannou, 2) (Entered: 04/12/2023) |

| 04/19/2023 | 136 (p.957) | NOTICE of Appearance by Farha Rizvi on behalf of Mary Chapman, filed. (Rizvi, Farha) (Entered: 04/19/2023) |
|---|---|---|
| 04/26/2023 | 137 (p.959) | NOTICE of Appearance by Farha Rizvi on behalf of Mary Chapman, filed. (Rizvi, Farha) (Entered: 04/26/2023) |
| 04/26/2023 | 138 (p.962) | Unopposed MOTION for Benjamin Lyles to Withdraw as Attorney by Mary Chapman, filed. Motion Docket Date 5/17/2023. (Attachments: # 1 (p.22) Proposed Order)(Lyles, Benjamin) (Entered: 04/26/2023) |
| 04/27/2023 | 139 (p.966) | ORDER granting 138 (p.962) Unopposed Motion to Withdraw as Attorney and Substitute Lead Counsel. Attorney Benjamin Storey Lyles terminated.(Signed by Judge Drew B Tipton) Parties notified.(KelliePapaioannou, 2) (Entered: 04/27/2023) |
| 07/03/2023 | 140 (p.967) | Unopposed MOTION for Extension of Time for Disclosure of Expert Witnesses by Courtney Morgan, filed. Motion Docket Date 7/24/2023. (Chaplin, Erica) (Entered: 07/03/2023) |
| 07/10/2023 | 141 (p.972) | NOTICE of Serving Plaintiff's Expert Witness Disclosure (Andrew Schlafly, Esq.) by Courtney Morgan, filed. (Chaplin, Erica) (Entered: 07/10/2023) |
| 07/11/2023 | 142 (p.974) | NOTICE of Compliance with Local Rules 7.1 and 7.2 re: 140 (p.967) Unopposed MOTION for Extension of Time for Disclosure of Expert Witnesses by Courtney Morgan, filed. (Chaplin, Erica) (Entered: 07/11/2023) |
| 07/11/2023 | 143 (p.976) | PROPOSED ORDER on Plaintiff's Unopposed Motion for Extension of Time to Disclsose Expert Witnesses, filed.(Chaplin, Erica) (Entered: 07/11/2023) |
| 07/11/2023 | 144 (p.977) | ORDER granting Unopposed MOTION for Extension of Time for Disclosure of Expert Witnesses..(Signed by Judge Drew B Tipton) Parties notified.(KelliePapaioannou, 2) (Entered: 07/11/2023) |
| 08/06/2023 | 145 (p.978) | NOTICE of Appearance by Kevin R. Anderson, Esq. on behalf of Courtney Morgan, filed. (Anderson, Kevin) (Entered: 08/06/2023) |
| 08/08/2023 | 146 (p.980) | Vacation Letter by Mary Chapman, filed.(Rizvi, Farha) (Entered: 08/08/2023) |
| 11/01/2023 | 147 (p.981) | Joint MOTION Joint Motion to Amend Scheduling Order by Mary Chapman, filed. Motion Docket Date 11/22/2023. (Attachments: # 1 (p.22) Proposed Order)(Rizvi, Farha) (Entered: 11/01/2023) |
| 11/05/2023 | 148 (p.986) | NOTICE Clarification Regarding Motion to Amend Scheduling Order re: 147 (p.981) Joint MOTION Joint Motion to Amend Scheduling Order by Courtney Morgan, filed. (Chaplin, Erica) (Entered: 11/05/2023) |
| 11/13/2023 | 149 (p.989) | SCHEDULING ORDER. Pretrial Motions Deadline (except for motions in limine) due by 1/29/2024. Joint Pretrial Order and Motion in Limine due by 3/28/2024. Docket Call set for 4/11/2024 at 02:00 PM before Judge Drew B Tipton.(Signed by Judge Drew B Tipton) Parties notified.(BrittanyBoniface, 6) (Entered: 11/14/2023) |
| 01/24/2024 | 150 (p.991) | NOTICE of Setting. Parties notified. Pre-Motion Conference set for 2/1/2024 at 04:00 PM in 4th Floor Courtroom of the Victoria Courthouse before Judge Drew B Tipton, filed. (KelliePapaioannou, 2) (Entered: 01/24/2024) |
| 01/29/2024 | 151 (p.992) | MOTION for Summary Judgment by John Kopacz, filed. Motion Docket Date 2/20/2024. (Attachments: # 1 (p.22) Exhibit Exhibit 1, # 2 (p.51) Exhibit Exhibit 2, # 3 (p.53) Exhibit Exhibit 3, # 4 (p.55) Exhibit Exhibit 4, # 5 (p.57) Exhibit Exhibit 5, # 6 (p.59) Exhibit Exhibit |

| | | |
|---|---|---|
| | | 6, # 7 (p.64) Proposed Order)(Lindsey, Christopher) (Entered: 01/29/2024) |
| 01/29/2024 | 152 (p.1349) | NOTICE of Resetting. Parties notified. Pre-Motion Conference reset for 2/1/2024 at 04:00 PM in 4th Floor Courtroom of the Victoria Courthouse before Judge Drew B Tipton, filed. (KelliePapaioannou, 2) (Entered: 01/29/2024) |
| 01/29/2024 | 153 (p.1350) | MOTION for Judicial Notice by Courtney Morgan, filed. Motion Docket Date 2/20/2024. (Attachments: # 1 (p.22) Exhibit 1-Case Summary Docket, # 2 (p.51) Exhibit 2-Indictment, # 3 (p.53) Exhibit 3-Capias Instanter and Sheriff's Return, # 4 (p.55) Exhibit 4-Judicial Findings of Fact and Conclusions of Law and Order Granting Motion to Dismiss, # 5 (p.57) Exhibit 5-Notice of Appeal, # 6 (p.59) Exhibit 6-Motion and Order to Dismiss, # 7 (p.64) Exhibit 7-Final Judgment, # 8 (p.66) Exhibit 8-Letter of Decision)(Chaplin, Erica) (Entered: 01/29/2024) |
| 01/31/2024 | 154 (p.1396) | NOTICE of Resetting. Parties notified. Pre-Motion Conference reset for 2/1/2024 at 03:30 PM in 4th Floor Courtroom of the Victoria Courthouse before Judge Drew B Tipton, filed. (KelliePapaioannou, 2) (Entered: 01/31/2024) |
| 02/01/2024 | | Minute Entry for proceedings held before Judge Drew B Tipton. PRE-MOTION CONFERENCE held on 2/1/2024.The Court hears arguments on discovery issues. Rulings made on the record. Parties to confer on proposed protective Order. Answers to admissions and documents that do not fall under the protective Order are due Monday 2/5/2024. Appearances: Farha Butool Rizvi, Erica Faith Chaplin, Christopher Lee Lindsey, Tommy Ernest Swate, Kevin Ramon Anderson.(Digital # 3:44-4:03, 4:17-4:29)(ERO:Brittany Boniface), filed.(KelliePapaioannou, 2) (Entered: 02/01/2024) |
| 02/29/2024 | 155 (p.1397) | Unopposed MOTION to Substitute Attorney Cole P. Wilson in place of Eric Grogan by Mary Chapman, filed. Motion Docket Date 3/21/2024. (Attachments: # 1 (p.22) Proposed Order)(Wilson, Cole) (Entered: 02/29/2024) |
| 02/29/2024 | 156 (p.1401) | Unopposed MOTION to Substitute Attorney Cole P. Wilson in place of Farha Rizvi by Mary Chapman, filed. Motion Docket Date 3/21/2024. (Attachments: # 1 (p.22) Proposed Order)(Wilson, Cole) (Entered: 02/29/2024) |
| 02/29/2024 | | (Court only) ***Motion(s) terminated: 155 (p.1397) Unopposed MOTION to Substitute Attorney Cole P. Wilson in place of Eric Grogan. See 156 (p.1401) Amended Motion (KelliePapaioannou, 2) (Entered: 02/29/2024) |
| 03/01/2024 | 157 (p.1405) | ORDER granting 156 (p.1401) Motion to Substitute Attorney Attorney Farha Butool Rizvi terminated.(Signed by Judge Drew B Tipton) Parties notified.(BrittanyBoniface, 6) (Entered: 03/01/2024) |
| 03/04/2024 | 158 (p.1406) | MOTION for Leave to File Late Response to Plaintiff's Motion for Judicial Notice by Mary Chapman, filed. Motion Docket Date 3/25/2024. (Attachments: # 1 (p.22) Exhibit, # 2 (p.51) Proposed Order)(Wilson, Cole) (Entered: 03/04/2024) |
| 03/05/2024 | 159 (p.1416) | ORDER granting 158 (p.1406) Motion for Leave to File Late Response. Defendant may file her response to Plaintiffs motion for judicial notice within three calendar days of this Courts decision on her motion for leave.(Signed by Judge Drew B Tipton) Parties notified.(KelliePapaioannou, 2) (Entered: 03/05/2024) |
| 03/05/2024 | 160 (p.1417) | RESPONSE in Opposition to 153 (p.1350) MOTION for Judicial Notice, filed by Mary Chapman. (Attachments: # 1 (p.22) Proposed Order)(Wilson, Cole) (Entered: 03/05/2024) |
| 03/05/2024 | 161 (p.1422) | NOTICE of Appearance by Todd Dickerson on behalf of Mary Chapman, filed. (Dickerson, Todd) (Entered: 03/05/2024) |

| | | |
|---|---|---|
| 03/28/2024 | | ***Set/Reset Deadlines/Hearings: Joint Pretrial Order and Motions in Limine due by 6/27/2024. Docket Call reset for 7/11/2024 at 02:00 PM before Judge Drew B Tipton. (kmp4) (Entered: 03/28/2024) |
| 04/11/2024 | 162 (p.1424) | AO 435 TRANSCRIPT REQUEST by Plaintiff for Transcript of Status, February 1, 2024, Hon. Drew B. Tipton. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Johnny Sanchez, filed. (Chaplin, Erica) Requestor contacted on 4/12/24. A court reporter was chosen instead of transcription company. The requestor chose Ornelas Reporting Services. Modified on 4/12/2024 (rad6). Electronically forwarded to Access Transcripts on 4/15/24. Estimated Transcript completion date: 4/22/24. Modified on 4/15/2024 (bnb6). (Main Document 162 replaced on 7/14/2025 with flattened PDF) (bnb6). (Entered: 04/11/2024) |
| 04/15/2024 | | Transcription company Ornelas notified Clerk's Office they are unable to complete 162 (p.1424) AO-435 Transcript Order. New transcription company Access selected by party, filed. (bnb6) (Entered: 04/15/2024) |
| 04/18/2024 | 163 (p.1426) | PROTECTIVE ORDER. (Signed by Judge Drew B Tipton) Parties notified. (bnb6) (Entered: 04/19/2024) |
| 04/22/2024 | 164 (p.1431) | Amended SCHEDULING ORDER. Pretrial Motions Deadline (except for motions in limine) due by 6/7/2024. JOINT PRETRIAL ORDER AND MOTION INLIMINE DEADLINE by 9/26/2024. Docket Call set for 10/10/2024 at 02:00 PM before Judge Drew B Tipton.(Signed by Judge Drew B Tipton) Parties notified. (bnb6) (Entered: 04/22/2024) |
| 04/23/2024 | 165 (p.2022) | TRANSCRIPT re: Pre-Motion Hearing held on 2/1/24 before Judge Drew B Tipton. Court Reporter/Transcriber Access Transcripts, LLC. Ordering Party Erica Chaplin Release of Transcript Restriction set for 7/22/2024., filed. (AccessTranscripts, ) (Entered: 04/23/2024) |
| 04/24/2024 | 166 (p.1433) | Notice of Filing of Official Transcript as to 165 (p.2022) Transcript. Party notified, filed. (rad6) (Entered: 04/24/2024) |
| 05/14/2024 | 167 (p.2054) | SEALED MOTION *For Summary Judgment* by Mary Chapman, filed. (Attachments: # 1 (p.22) Affidavit, # 2 (p.51) Affidavit, # 3 (p.53) Affidavit, # 4 (p.55) Affidavit, # 5 (p.57) Exhibit, # 6 (p.59) Exhibit, # 7 (p.64) Exhibit, # 8 (p.66) Exhibit, # 9 (p.69) Exhibit, # 10 (p.82) Exhibit, # 11 (p.84) Exhibit, # 12 (p.86) Exhibit, # 13 (p.88) Exhibit, # 14 (p.90) Exhibit, # 15 (p.94) Exhibit, # 16 (p.97) Exhibit, # 17 (p.98) Exhibit, # 18 (p.99) Exhibit, # 19 (p.100) Exhibit, # 20 (p.101) Exhibit, # 21 (p.107) Exhibit, # 22 (p.117) Exhibit, # 23 (p.124) Exhibit, # 24 (p.125) Exhibit, # 25 (p.130) Exhibit, # 26 (p.131) Exhibit, # 27 (p.132) Exhibit, # 28 (p.133) Exhibit, # 29 (p.134) Exhibit, # 30 (p.136) Exhibit, # 31 (p.138) Exhibit, # 32 (p.140) Exhibit, # 33 (p.142) Exhibit, # 34 (p.149) Exhibit, # 35 (p.152) Exhibit, # 36 (p.164) Proposed Order) (Wilson, Cole) (Entered: 05/14/2024) |
| 05/14/2024 | 168 (p.1434) | MOTION for Summary Judgment by Mary Chapman, filed. Motion Docket Date 6/4/2024. (Attachments: # 1 (p.22) Affidavit, # 2 (p.51) Affidavit, # 3 (p.53) Affidavit, # 4 (p.55) Affidavit, # 5 (p.57) Exhibit, # 6 (p.59) Exhibit, # 7 (p.64) Exhibit, # 8 (p.66) Exhibit, # 9 (p.69) Exhibit, # 10 (p.82) Exhibit, # 11 (p.84) Exhibit, # 12 (p.86) Exhibit, # 13 (p.88) Exhibit, # 14 (p.90) Exhibit, # 15 (p.94) Exhibit, # 16 (p.97) Exhibit, # 17 (p.98) Exhibit, # 18 (p.99) Exhibit, # 19 (p.100) Exhibit, # 20 (p.101) Exhibit, # 21 (p.107) Exhibit, # 22 (p.117) Exhibit, # 23 (p.124) Exhibit, # 24 (p.125) Exhibit, # 25 (p.130) Exhibit, # 26 (p.131) Exhibit, # 27 (p.132) Exhibit, # 28 (p.133) Exhibit, # 29 (p.134) Exhibit, # 30 (p.136) Exhibit, # 31 (p.138) Exhibit, # 32 (p.140) Exhibit, # 33 (p.142) Exhibit, # 34 (p.149) Exhibit, # 35 (p.152) Exhibit, # 36 (p.164) Exhibit) (Wilson, Cole) (Entered: 05/14/2024) |
| 05/14/2024 | 169 (p.1663) | MOTION to Seal Exhibits by Mary Chapman, filed. Motion Docket Date 6/4/2024. (Attachments: # 1 (p.22) Proposed Order) (Wilson, Cole) (Entered: 05/14/2024) |

| 05/17/2024 | | ***SetDeadlines: Response to 169 (p.1663) Motion to Seal Exhibits due by close of business Tuesday 5/21/2024. (kmp4) (Entered: 05/17/2024) |
| 05/17/2024 | 170 (p.1672) | Joint MOTION to Exclude Andrew L. Schlafly, Esq. by Mary Chapman, filed. Motion Docket Date 6/7/2024. (Attachments: # 1 (p.22) Proposed Order) (Wilson, Cole) (Entered: 05/17/2024) |
| 05/21/2024 | 171 (p.1677) | Joint MOTION to Exclude Michael J. Linde by Mary Chapman, John Kopacz, filed. Motion Docket Date 6/11/2024. (Attachments: # 1 (p.22) Exhibit, # 2 (p.51) Exhibit, # 3 (p.53) Exhibit, # 4 (p.55) Proposed Order) (Wilson, Cole) (Entered: 05/21/2024) |
| 05/21/2024 | 172 (p.1702) | Unopposed MOTION for Extension of Time to Respond to Motion to Seal by Courtney Morgan, filed. Motion Docket Date 6/11/2024. (Chaplin, Erica) (Entered: 05/21/2024) |
| 05/21/2024 | | (Court only) ***Motion(s) terminated: 172 (p.1702) Unopposed MOTION for Extension of Time to Respond to Motion to Seal. (kmp4) (Entered: 05/21/2024) |
| 05/21/2024 | | **Reset Deadlines: Response to 169 (p.1663) Motion to Seal Exhibits due by close of business Friday 5/24/2024. (kmp4) (Entered: 05/21/2024) |
| 05/24/2024 | 173 (p.1706) | RESPONSE in Opposition to 169 (p.1663) MOTION to Seal Exhibits, filed by Courtney Morgan. (Chaplin, Erica) (Entered: 05/24/2024) |
| 05/24/2024 | 174 (p.1713) | ORDER granting 169 (p.1663) Motion to Seal Exhibits to Motion for Summary Judgment..(Signed by Judge Drew B Tipton) Parties notified. (rad6) (Entered: 05/24/2024) |
| 09/12/2024 | 175 (p.1714) | Joint MOTION to Vacate 164 (p.1431) Scheduling Order, by Mary Chapman, filed. Motion Docket Date 10/3/2024. (Attachments: # 1 (p.22) Proposed Order) (Wilson, Cole) (Entered: 09/12/2024) |
| 09/13/2024 | | (Court only) ***Motion(s) terminated: 175 (p.1714) Joint MOTION to Vacate 164 (p.1431) Scheduling Order,. (kmp4) (Entered: 09/13/2024) |
| 09/13/2024 | | ***Set/Reset Deadlines/Hearings: Joint Pretrial Order and Motions in Limine due by 1/2/2025. Docket Call reset for 1/16/2025 at 02:00 PM before Judge Drew B Tipton. (kmp4) (Entered: 09/13/2024) |
| 10/10/2024 | | Referral Judge Selected: Magistrate Judge Julie K. Hampton randomly selected to receive referrals. An order or notice of referral of case or motion to follow. (kmp4) (Entered: 10/10/2024) |
| 10/10/2024 | 176 (p.1718) | ORDER OF REFERENCE to Magistrate Judge Julie K. Hampton. (Signed by Judge Drew B Tipton) (Attachments: # 1 (p.22) Consent Form) Parties notified. (kmp4) (Attachment 1 replaced on 10/11/2024) (kmp4. (Entered: 10/10/2024) |
| 10/10/2024 | | Joint Pretrial Order deadline and Docket Call set before Judge Drew B. Tipton is terminated. (kmp4) (Entered: 10/10/2024) |
| 10/10/2024 | 177 (p.1721) | NOTICE of Setting as to 171 (p.1677) Joint MOTION to Exclude Michael J. Linde, 170 (p.1672) Joint MOTION to Exclude Andrew L. Schlafly, Esq., 153 (p.1350) MOTION for Judicial Notice. Parties notified. Motion Hearing set for 10/30/2024 at 10:00 AM before Magistrate Judge Julie K Hampton, filed. (as2) (Entered: 10/10/2024) |
| 10/23/2024 | | Motion Hearing Setting as to 171 Joint MOTION to Exclude Michael J. Linde, 170 Joint MOTION to Exclude Andrew L. Schlafly, Esq., 153 MOTION for Judicial Notice is terminated. Motions to be handled by Orders issued by the Court. (as2) (Entered: 10/23/2024) |
| 02/20/2025 | 178 (p.1722) | ORDER Granting-In-Part and Denying-In-Part 153 (p.1350) Plaintiff's MOTION for Judicial Notice. (Signed by Magistrate Judge Julie K Hampton) Parties notified. (mlg2) (Entered: |

| | | |
|---|---|---|
| | | 02/20/2025) |
| 02/20/2025 | 179 (p.1727) | ORDER Granting Defendants' Motions to Exclude; Granting DE 170 (p.1672) and 171 (p.1677) . (Signed by Magistrate Judge Julie K Hampton) Parties notified. (mlg2) (Entered: 02/20/2025) |
| 03/05/2025 | 180 (p.1729) | MEMORANDUM AND RECOMMENDATIONS re 151 (p.992) MOTION for Summary Judgment , 167 (p.2054) SEALED MOTION *For Summary Judgment* Objections to M&R due by 3/19/2025 (Signed by Magistrate Judge Julie K Hampton) Parties notified. (ma2) (Entered: 03/05/2025) |
| 03/05/2025 | | (Court only) ***Motions No Longer Referred: 168 (p.1434) MOTION for Summary Judgment . (ma2) (Entered: 03/05/2025) |
| 03/17/2025 | 181 (p.1758) | Opposed MOTION for Leave to File Responses to Defendants' Motions for Summary JudgmentMotions referred to Julie K Hampton. by Courtney Morgan, filed. Motion Docket Date 4/7/2025. (Attachments: # 1 (p.22) Exhibit A - Declaration by Erica Chaplin, # 2 (p.51) Exhibit B - Hearing Transcript, # 3 (p.53) Proposed Order) (Schlafly, Andrew) (Entered: 03/17/2025) |
| 03/18/2025 | 182 (p.1806) | NOTICE of Appearance by Andrew L. Schlafly on behalf of Courtney Morgan, filed. (Schlafly, Andrew) (Entered: 03/18/2025) |
| 03/28/2025 | 183 (p.1808) | Joint RESPONSE in Opposition to 181 (p.1758) Opposed MOTION for Leave to File Responses to Defendants' Motions for Summary Judgment, filed by Mary Chapman, John Kopacz. (Attachments: # 1 (p.22) Proposed Order) (Wilson, Cole) (Entered: 03/28/2025) |
| 04/04/2025 | 184 (p.1818) | REPLY in Support of 181 (p.1758) Opposed MOTION for Leave to File Responses to Defendants' Motions for Summary Judgment, filed by Courtney Morgan. (Schlafly, Andrew) (Entered: 04/04/2025) |
| 04/10/2025 | 185 (p.1821) | ORDER granting in part and denying in part 181 (p.1758) Motion for Leave to File Responses to Defendants' Motions for Summary Judgment. Plaintiff's objections to 180 (p.1729) M&R are due on or before Thursday, April 24, 2025.(Signed by Magistrate Judge Julie K Hampton) Parties notified. (bnb6) (Entered: 04/10/2025) |
| 04/10/2025 | | ***Set/Reset Deadlines: Objections to M&R due by 4/24/2025. (bnb6) (Entered: 04/10/2025) |
| 04/24/2025 | 186 (p.1834) | OBJECTIONS to 180 (p.1729) Memorandum and Recommendations, filed by Courtney Morgan. (Attachments: # 1 (p.22) Exhibit A, # 2 (p.51) Exhibit B, # 3 (p.53) Exhibit C, # 4 (p.55) Exhibit D, # 5 (p.57) Exhibit E, # 6 (p.59) Exhibit F, # 7 (p.64) Exhibit G, # 8 (p.66) Exhibit H, # 9 (p.69) Exhibit I, # 10 (p.82) Exhibit J, # 11 (p.84) Exhibit K, # 12 (p.86) Exhibit L, # 13 (p.88) Exhibit M, # 14 (p.90) Exhibit N, # 15 (p.94) Exhibit O, # 16 (p.97) Exhibit Table of Exhibits) (Chaplin, Erica) (Entered: 04/24/2025) |
| 05/06/2025 | 187 (p.1928) | RESPONSE *to Courtney Morgan's Objections*, filed by Mary Chapman. (Wilson, Cole) (Entered: 05/06/2025) |
| 05/13/2025 | 188 (p.1944) | ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION re: 180 (p.1729) Memorandum and Recommendations GRANTING 151 (p.992) MOTION for Summary Judgment and 167 (p.2054) SEALED MOTION For Summary Judgment. (Signed by Judge Drew B Tipton) Parties notified. (rad6) (Entered: 05/13/2025) |
| 05/13/2025 | 189 (p.1951) | FINAL JUDGMENT. Plaintiffs claims against Defendants are DISMISSED WITH PREJUDICE. Case terminated on 5/13/2025. (Signed by Judge Drew B Tipton) Parties notified. (rad6) (Entered: 05/13/2025) |

| | | |
|---|---|---|
| 06/11/2025 | 190 (p.1952) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 185 (p.1821) Order on Motion for Leave to File, 180 (p.1729) Memorandum and Recommendations, 188 (p.1944) Order Adopting Memorandum and Recommendations, 178 (p.1722) Order on Motion for Miscellaneous Relief, 189 (p.1951) Final Judgment by Courtney Morgan (Filing fee $ 605, receipt number ATXSDC-33584180), filed. (Chaplin, Erica) (Entered: 06/11/2025) |
| 06/12/2025 | 191 (p.1955) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 190 (p.1952) Notice of Appeal,. Fee status: Paid. Reporter(s): ERO, filed. (Attachments: # 1 (p.22) Notice of Appeal) (bnb6) (Entered: 06/12/2025) |
| 06/12/2025 | | Appeal Review Notes re: 190 (p.1952) Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 1, filed. (bnb6) (Entered: 06/12/2025) |
| 06/25/2025 | | Notice of Assignment of USCA No. 25-40357 re: 190 (p.1952) Notice of Appeal,, filed. (bnb6) (Entered: 06/26/2025) |
| 06/27/2025 | 192 (p.1959) | Notice of Non-Compliance. The appellant (or counsel for the appellant, if represented) has failed to: Submit the DKT13 transcript order form. Parties notified, filed. (bnb6) (Entered: 06/27/2025) |
| 07/03/2025 | 193 (p.1960) | DKT13 TRANSCRIPT ORDER REQUEST by Andrew L. Schlafly. Transcript is already on file in Clerks office regarding Pre-Motion Conference on 2/1/24 before Judge Tipton. (No transcript is needed). Court Reporter/Transcriber: Access Transcripts. This order form relates to the following: 190 (p.1952) Notice of Appeal, 165 (p.2022) Transcript, filed. (Schlafly, Andrew) (Entered: 07/03/2025) |
| 07/09/2025 | | ROA requested from USCA, due on 7/24/2025, filed. (bnb6) (Entered: 07/10/2025) |

**TAB 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **Courtney Morgan**, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **Mary Chapman** and **John Kopacz**, in their | § | Civil Action:   No. 6:17-cv-0004 |
| individual capacities, | § | |
| _____*Defendants*._____ | / | JURY |

## NOTICE OF APPEAL

    **NOTICE** is hereby given that Plaintiff, **COURTNEY MORGAN**, appeals to the United States Court of Appeals for the Fifth Circuit this District Court's **ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR JUDICIAL NOTICE** [DE 178] signed and entered on the docket on February 20, 2025; **MEMORANDUM AND RECOMMENDATION** [DE 180] signed and entered on the docket on March 5, 2025; **ORDER** [DE 185] signed and entered on the docket on April 10, 2025; **ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE** [DE 188] signed and entered on the docket on May 13, 2025; and the **FINAL JUDGMENT** [DE 189] signed and entered on the docket May 13, 2025.

**Dated: June 11, 2025**

                                 Respectfully submitted by,

                                 /s/*Erica F. Chaplin*
                                 Erica F. Chaplin, Esq.
                                 FLBN: 0048023
                                 Anderson & Welch, LLC
                                 500 S. Australian Avenue, 6th Flr.
                                 West Palm Beach, FL 33401
                                 Tel: 561-832-3386; Fax: 561-820-4867
                                 Email: chaplinlaw@gmail.com
                                 Email: andewelch@andersonandwelch.com
                                 *Attorney for Plaintiff, Courtney Morgan*

25-40357.1952

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via

CM/ECF upon counsel on the incorporated service list on this **11th** day of **June, 2025.**

Respectfully submitted,
*/s/Erica F. Chaplin*
Erica F. Chaplin, Esq.
FLBN: 0048023
Anderson & Welch, LLC
500 S. Australian Avenue, 6th Flr
West Palm Beach, FL 33401
Tel: 561-832-3386; Fax: 561-820-4867
Email: chaplinlaw@gmail.com
Email: andewelch@andersonandwelch.com
*Attorney for Plaintiff, Courtney Morgan*

### SERVICE LIST
*Courtney Morgan, et al. v. Mary Chapman and John Kopacz, individually, et al.*
Case No:   6:17-cv-00004 - Judge Drew B. Tipton
United States District Court, Southern District of Texas
Victoria Division

Kevin R. Anderson, Esq.
FLBN: 44857
S.D. Texas Bar No.: 3850258
Anderson & Welch, LLC
500 S. Australian Avenue, 6th Flr
West Palm Beach, FL 33401
Phone: 561-832-3386
Fax: 561-820-4867
Email: kan@andersonandwelch.com
andewelch@andersonandwelch.com
*Attorney for Plaintiff, Courtney Morgan*

Erica F. Chaplin, Esq.
Attorney-In-Charge
FLBN: 0048023
S.D. Texas Bar No.: 306717
Anderson & Welch, LLC
500 S. Australian Avenue, 6th Flr
West Palm Beach, FL 33401
Phone: 561-832-3386
Fax: 561-820-4867
Email: andewelch@andersonandwelch.com
*Attorney for Plaintiff, Courtney Morgan*

Leslie A. Werner, Esq.
SBN: 211901580
S.D. Texas Bar No.: 10066
The Werner Law Group
P. O. Box 247
Victoria, Texas 77902
Phone: 361-578-7200
Fax: 361-485-1949
Email: leslie@werner-lawgroup.com
*Attorney for Plaintiff, Courtney Morgan*

Tommy E. Swate, Esq.
SBN: 19557705
S.D. Texas Bar No.: 145507
Swate Attorney At Law
403 Wild Plum
Houston, Texas 77013
Tel: 832-702-7599
Fax: 877-572-7087
Email: swatelaw@aol.com
*Attorney for Plaintiff, Courtney Morgan*

25-40357.1953

Christopher Lee Lindsey, Esq.
Assistant Attorney General
Attorney-in-Charge
SBN: 24065628
S.D. Texas Bar No.: 1021745
P.O. Box 12548
Capitol Station
Austin, Texas 78711-2548
Tel: 512-463-2080
Fax: 512-370-9314
Email: Christopher.lindsey@oag.texas.gov
*Attorney for Defendant, John Kopacz*

Cole P. Wilson, Esq.
Assistant Attorney General
Attorney-in-charge
TSBN: 24122856
SDTNB: 3864133
P.O. Box 12548
Capitol Station
Austin, Texas 78711
Tel: 512-936-1309
Fax: 512-979-5738
Email: Cole.Wilson@oag.texas.gov
*Attorney for Defendant, Mary Chapman*

**TAB 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| COURTNEY MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-00004 |
| | § | |
| MARY CHAPMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Pending before the Court is Plaintiff Morgan's Motion for Judicial Notice. (D.E. 153). The motion requests the Court take judicial notice of three general categories of matters:

1) **Court filings, docket, and judicial findings in *State of Texas v. Morgan*, Cause No. 14-0828218-A filed in the 24th Judicial District in Victoria County, Texas**.

   Specifically, Plaintiff seeks judicial notice of:

   *the case summary of the docket,
   *the records in the docket,
   *the Grand Jury return of the indictment,
   *the contents of the indictment,
   *additional documents in the criminal case record as alleged in the complaint,
   *the capias instanter and sheriff's return,
   *the facts contained in the Court's order granting the motion to suppress,
   *the Notice of Appeal filed by the State, and
   *the motion and order to dismiss. (D.E. 153).

2) **Court filings, judicial findings, and documents regarding *Morgan v. Texas Medical Board*, Cause No. D-1-GN-17-002301 filed in the 98th Judicial District of Travis County, Texas**; and

Specifically, Plaintiff seeks judicial notice of:

*adjudicative facts in the Final Judgment,
*a Final Judgment factual finding that, for a facility to qualify as a "Pain Management Clinic" under the Texas Occupations Code §168.001, "there must be a finding that the facility in question issued the majority of their patients' prescriptions for substances listed in §168.001 for at least two months,"
*a Final Judgment factual finding that that the evidence presented did not support a finding that Morgan should have registered his offices as Pain Management Clinics,
*the Travis County Court's Letter of Guidance consisting of the Court's opinion in support of the Final Judgment,
*the contents of the letter as represented and the adjudicative facts stated therein, and
*the nine adjudicative facts set forth on page four of the Letter of Decision. (D.E. 153).

3) **The contents of the Texas Occupations Code §§ 168.001-168.002**.

Defendant Chapman filed a response stating that she does not object to this Court taking judicial notice of (1) the fact that the *State of Texas v. Morgan* matter was resolved in Morgan's favor and (2) the Texas Occupations Code §§ 168.001-168.002.  (D.E. 160, n.1).  However, Defendant Chapman reserves the right to challenge the admissibility of these matters at trial.  *Id.*  Defendant Chapman argues that it is impermissible for the Court to take judicial notice of the factual findings of another court. *Id.* at pg. 2. Defendant Kopacz has not filed a response.

2

## I.

The Court may take judicial  notice of adjudicative facts "generally known within the trial court's territorial jurisdiction; or…[which] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b).  *Targeted Justice, Inc. v. Garland*, 2023 WL 4471553 (S.D. Tex. July 11, 2023)(quoting *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009)(quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A.*, 146 F.3d 66, 70 (2d Cir. 1998)).  While a court may take judicial notice of documents filed in another court to establish the fact of such litigation and related filings, it may not take judicial notice of the factual findings of another court.  *Id*.; *Taylor v. Charter Med. Corp*., 162 F.3d 827, 830 (5th Cir. 1998).

## II.

Regarding the Court taking judicial notice of the Texas Occupations Code §§ 168.001-168.002, the Court has no need to take judicial notice of domestic law and the decisions of domestic courts.  *Id*.; *United States v. Schmitt*, 748 F.2d 249, 255 (5th Cir. 1984).  Although unnecessary, the motion for judicial notice regarding the Texas

Occupations Code §§168.001-168.002 is **GRANTED**.  See *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc*., 390 F.3d 400, 407 n.7 (5th Cir. 2004).

The remaining documents at issue are government records.  The Federal Rules of Evidence provide the following exception to the rule against hearsay:

> (8) Public Records.  A record or statement of a public office if:
>> (A) it set out:
>>> (i)  the office's activities;
>>> (ii) a matter observed while under legal duty to report, but not including, in a criminal case, a matter observed by law enforcement personnel; or
>>> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>> (B)  the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

FED. R. EVID. 803(8).  The documents for which the plaintiff's request notice do not set out the activities of a government office, matters observed under legal duties to report, or factual findings from civil or criminal investigations.  These documents remain inadmissible hearsay.  While the court may take judicial notice of the existence of these records, it cannot take judicial notice of the facts they assert—which is what the Plaintiff desires.  *Taylor*, 162 F.3d at 830.  "When offered to prove the facts stated, court records are hearsay; hence, they would be admissible as evidence only if they satisfied some hearsay exception such as the public records exception…A court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence."  21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* §5106.4 at pg. 231 (2d ed. 2005).  Accordingly, a court may take judicial notice of another court's

record for the limited purpose of recognizing the "judicial act" represented by the record or the subject matter of the litigation. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

Therefore, the Court **DENIES** the motion to take judicial notice of the above-listed documents in the *State of Texas v. Morgan* and *Morgan v. Texas Medical Board* cases insofar as the request pertains to the findings of fact contained in the records. The Court **GRANTS** the motion to take judicial notice insofar as the request is for the court to notice the existence of the court records in the two matters.

ORDERED on February 20, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

**TAB 4**

United States District Court
Southern District of Texas
**ENTERED**
April 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| COURTNEY MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-00004 |
| | § | |
| MARY CHAPMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Currently pending is Plaintiff Courtney Morgan's "Motion for Leave to Respond to Defendants' Motions for Summary Judgment" (D.E. 181). Defendants John Kopacz and Mary Chapman have jointly responded to the motion, and Morgan has replied. (D.E. 183, 184). Morgan seeks to file a response to Kopacz's January 2024 motion for summary judgment (D.E. 151) and Chapman's May 2024 motion for summary judgment (D.E. 167), which were the subject of the undersigned's March 5, 2025, Memorandum and Recommendation ("M&R") (D.E. 180). In addition, Morgan seeks an extension of his deadline to file objections to the M&R.

For the reasons discussed further below, Morgan's motion (D.E. 181) is **DENIED** to the extent he seeks leave to file out-of-time responses to the motions for summary judgment but **GRANTED** to the extent he seeks an extension to file objections to the M&R. Morgan's objections to the M&R are due on or before **Thursday, April 24, 2025**.

## I. PROCEDURAL BACKGROUND

Morgan filed his original complaint against Chapman and Kopacz in January 2017. (D.E. 1).  Morgan filed a Third Amended Complaint in October 2021, which is the currently operative complaint.  (D.E. 110).  The District Court denied Kopacz's motion to dismiss (D.E. 111) and granted in part and denied in part Chapman's motion to dismiss (D.E. 112).  (D.E. 126).

On January 29, 2024, Kopacz filed a motion for summary judgment.  (D.E. 151). On the same day, Morgan filed a motion for judicial notice.  (D.E. 153).

On February 1, 2024, the District Court held a pre-motion hearing regarding a discovery dispute between the parties.  (D.E. 165 at 4).  Chapman's counsel stated that she wanted to produce documentary discovery to Morgan, but the Texas Medical Board required that the documents be filed under a protection order, and the parties could not agree on the language in the order.  (*Id.* at 4-5).  Morgan responded that, although he still wanted the documents, discovery was closed and the time for Chapman to produce these documents had passed.  (*Id.* at 6).  However, Morgan was not opposed to crafting something to facilitate receipt of the documents.  (*Id.* at 7).  The parties agreed to work out a protective order.  (*Id.* at 12-13).

Chapman's counsel next requested a one-to-two-month extension to file a motion for summary judgment following service of discovery documents on Morgan.  (*Id.* at 13). Morgan noted that Chapman had not completed discovery, despite the deadline being in September 2023, and had not provided interrogatory responses.  (*Id.* at 16-17).  Chapman's

2

counsel indicated that she mistakenly believed the discovery deadline had been extended. (*Id.* at 17). Morgan stated that he no longer wanted Chapman's responses to the interrogatories or request for admissions because the deadline had passed, implying that they should all be deemed admitted. (*Id.* at 19). The District Court instead allowed Chapman to file the belated admissions, noting that it was "not inclined to have the lawyers' screw-ups impact the merits of the case … if I don't find that there was bad faith." (*Id.* at 21). The Court further stated that "the merits are people more than just the lawyers and their staff. And I think that this case ought to be decided on the merits." (*Id.* at 21-22).

Due to the belated receipt of the discovery documents, interrogatory responses, and admissions, Morgan stated that it seemed like they would need to extend more than just the dispositive motion deadline. (*Id.* at 24). The District Court agreed, saying "there's no doubt about it" and that it would give the parties "the opportunity to set what schedule you think is appropriate." (*Id.* at 24-25). The Court reiterated that not allowing the belated admissions would affect the parties in the case, not just the lawyers, and that there was no indication the delay was in bad faith. (*Id.* at 25). Morgan noted that Kopacz had already filed a motion for summary judgment and requested that their response to that motion be held in abeyance "so that we can do it all [in] one fell swoop." (*Id.* at 27). Kopacz's counsel had no objection to delaying a ruling on summary judgment. (*Id.*). The Court stated that it was "doing what I can to reach the merits," and told Morgan's counsel to "tell me what the schedule is that you want after" receiving the discovery materials and

3

determining if any other depositions were necessary, and "as long as it's reasonable, I'm going to do what I need to do to accommodate you." (*Id.* at 30).

On April 18, 2024, the District Court entered the protective order discussed at the hearing. (D.E. 163).

On April 22, 2024, the District Court issued an amended scheduling order setting a pretrial motions deadline of June 7, 2024. (D.E. 164 at 1). The order further set deadlines for the joint pretrial order, motions *in limine*, and the docket call. (*Id.* at 1-2).

On May 14, 2024, Chapman filed a motion for summary judgment and a motion to seal exhibits. (D.E. 167). Morgan's response was due on June 4, 2024. *See* Local Rules 7.3, 7.4. The motion for summary judgment was followed the next week with motions to exclude two of Morgan's expert witnesses. (D.E. 170, 171). Morgan moved for an extension[1] to respond to the motion to seal and ultimately filed a response to that motion on May 24, 2024. (D.E. 172, 173).

On September 12, 2024, the parties jointly moved to vacate the scheduling order regarding the deadlines for the joint pretrial order, motions *in limine*, and the docket call. (D.E. 175 at 1). The parties noted that both defendants had pending motions for summary judgment that the court should decide before the case proceeded to trial. They also noted that, while conferring on the motion, Morgan "indicated he wishes to file responses to Defendants' motions for summary judgment, but he did not discuss any timeline." (*Id.*).

---

[1] The District Court set an expedited deadline to respond to the motion to seal. (*See* docket entry on May 17, 2024).

4

The District Court reset the deadline for the joint pretrial order and motions *in limine* to January 2, 2025, and the docket call to January 16, 2025.  (*See* docket entry on Sept. 13, 2024).

On October 10, 2024, the District Court referred this case to the undersigned magistrate judge to, among other things, "hear and make a recommendation to the Court as to all dispositive motions."  (D.E. 176 at 1).  The Court cancelled all hearings.  (*Id.*).

On February 20, 2025, the undersigned granted Morgan's motion for judicial notice in part and denied it in part.  (D.E. 178).  On the same day, the undersigned granted Defendants' motions to exclude because Morgan had not responded to either motion.  (D.E. 179).

On March 5, 2025, the undersigned entered an M&R recommending that both Kopacz's and Chapman's motions for summary judgment be granted.  (D.E. 180).

Morgan filed the present motion on March 17, 2025.  (D.E. 181).

## II.  DISCUSSION

In his motion, Morgan seeks 21 days to file responses to Kopacz's and Chapman's motions for summary judgment, and further seeks a stay in his deadline to file objections to the M&R.  (D.E. 181 at 1).  He argues that leave to file responses should be granted because Erica Chaplin, his lead counsel, has been overwhelmed by a family health crisis and was unaware that the motions would be decided without a briefing schedule being issued.  (*Id.*).  Morgan contends that the District Court stayed Kopacz's motion at the February 2024 hearing and suspended the scheduling order at that time.  (*Id.* at 1-2).

5

Morgan asserts that the proper standard is found in Federal Rule of Civil Procedure 6(b), which requires a showing of excusable neglect. (*Id.* at 4). Under the standard for excusable neglect, Morgan argues that: (1) Defendants would not be prejudiced if the motion is granted; (2) the length of the delay does not undermine judicial proceedings; (3) the delay was due to Chaplin's extraordinary personal circumstances, not neglect; and (4) Morgan acted in good faith. (*Id.* at 5-7). He argues that these factors weigh in favor of allowing responses, and further contends that granting the summary judgment motions without allowing him to respond would not be in the interest of justice. (*Id.* at 7-8).

Morgan attached a declaration from Chaplin in which she explains that the death of her sister-in-law in January 2024 caused her immense grief and required her to help care for two grieving young children. (D.E. 181-1 at 3). Chaplin also notes that opposing counsel agreed in December 2024 that there was "not a need to vacate any deadlines or settings because the referral order to Magistrate Judge Hampton cancelled any remaining deadlines/hearing before Judge Tipton, and Judge Hampton has not set new deadlines." (*Id.* at 4). As a result, Chaplin did not believe the motions would be addressed before the issuance of a new scheduling order or a hearing. (*Id.*).

Kopacz and Chaplin jointly respond that Morgan has not established excusable neglect. (D.E. 183 at 5). They contend that Morgan has several lawyers in addition to Chaplin, and they collectively displayed prolonged and complete neglect for 10 months. (*Id.* at 6). Further, they argue that a party has a duty of diligence to inquire about the status of the case, and Morgan cannot merely rely on waiting for a new scheduling order or a

hearing to excuse counsel from monitoring the case. (*Id.*). They argue that they have suffered prejudice from the extended duration of this lawsuit, which was filed in 2017. (*Id.* at 5). Finally, they argue that Morgan has waived his right to file objections to the M&R because he did not file them by the deadline and did not request an extension, only a stay. (*Id.* at 7-8).

Morgan replies that all parties were confused about the briefing schedule, as shown by the quote from opposing counsel cited in Chaplin's declaration. (D.E. 184 at 1). He argues that Defendants overlooked the severity of the family crisis that Chaplin was dealing with, and also failed to show that they would be prejudiced by Morgan being allowed to file responses. (*Id.* at 2).

A court may extend the time to file a response for good cause if the request is made before the original time to file a response expires. Fed. R. Civ. P. 6(b)(1)(A). However, if the request is made after time has expired, the party must show that it failed to act due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The "ordinary meaning of neglect encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)) (internal quotation marks omitted). Excusable neglect is an "elastic concept" and requires consideration "of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Relevant factors to consider when determining whether a party has shown excusable neglect include "the danger of prejudice to the

7

[opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*  Courts must consider all the factors and not only rely on one factor. *See Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 283 (5th Cir. 2019).

"[C]lients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396.  Thus, the Supreme Court has concluded that it was error for a court to consider whether it would be "inappropriate to penalize respondents for the omissions of their attorney," instead stating that a party must "be held accountable for the acts and omissions of their chosen counsel." *Id.* at 397.  The Court explained that:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"

*Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)).

Here, three of the four factors identified in *Pioneer* weigh against Morgan, and he has failed to establish excusable neglect.  This order will address each of the four factors identified in *Pioneer*, although in a different sequence.  First, there is no evidence of bad faith, which weighs in Morgan's favor.  The undersigned acknowledges that the District Court previously indicated that it places great weight on this factor, but the other factors nonetheless must be addressed. *Coleman*, 942 F.3d at 283.  Moreover, the length of the

8

delay at issue and the procedural posture of the case are different than when this issue was discussed in the context of a discovery delay at the February 2024 hearing.

As to the other *Pioneer* factors, to begin with the reason for the delay, Morgan has proffered two primary explanations for the delay.  First, he notes that his lead counsel Erica Chaplin suffered a heartbreaking personal loss that caused her to be less engaged with the case than she otherwise would have been.  (D.E. 181 at 1; D.E. 181-1 at 3-4).  The court acknowledges Ms. Chaplin's loss and is understanding of the emotional toll it has taken on her.  However, Morgan had three other attorneys of record throughout the relevant time period, including another designated as lead counsel, Kevin Anderson, who works at the same firm as Ms. Chaplin.[2]  Mr. Anderson was also heavily involved at the February 2024 pre-motion hearing.  (*See generally* D.E. 165).  Morgan has provided no explanation for why these other attorneys, and particularly Mr. Anderson as co-lead counsel, could not have responded to the motions or otherwise inquired about the status of the case in Ms. Chaplin's absence.

Second, Morgan contends that the District Court indefinitely stayed the response to Kopacz's motion for summary judgment at the February 2024 hearing, and that the deadline to file responses was otherwise unclear in the ensuing months.  At the hearing, Morgan requested that his response to Kopacz's motion be held in abeyance pending receipt of Chapman's discovery production and responses and Chapman's motion for

---

[2] That Mr. Anderson is also lead counsel is reflected on the docket, but also in some filings where both Ms. Chaplin and Mr. Anderson are designated as "Attorney-In-Charge." (*See, e.g.,* D.E. 173 at 7).

summary judgment "so that we can do it all [in] one fell swoop." (D.E. 165 at 27). The implication of this statement is that Morgan wanted to address both motions for summary judgment at the same time. The District Court agreed, further instructing Morgan to "tell me what the schedule is that you want after" receiving the discovery materials, and "as long as it's reasonable, I'm going to do what I need to do to accommodate you." (*Id.* at 30). There is no indication that Morgan ever informed the District Court what schedule he wanted, even after the protective order was entered on April 18, 2024. (D.E. 163).

On April 22, 2024, the District Court entered an amended scheduling order setting a June 7, 2024, deadline for all pretrial motions, excluding motions *in limine*. (D.E. 164 at 1). By its terms, which stated that "[n]o motion may be filed after this date," this deadline was for both dispositive and non-dispositive motions. (*Id.*). Chapman then filed her motion for summary judgment in May 2024, before the deadline. (D.E. 167). Due to the nature of time, the District Court's February 2024 statement staying a response to Kopacz's motion cannot have applied to Chapman's May 2024 motion. The District Court gave wide latitude to Morgan to inform the court of his preferred schedule, but never stated that the entire case would be stayed, and any such stay necessarily ended with the issuance of the amended scheduling order. Further, specifically as to Kopacz's motion, the reason Morgan requested the stay was so that both Defendants' motions could be addressed at the same time. (D.E. 165 at 27). With the filing of Chapman's motion, the reason for the stay went away.

Morgan's other arguments on this factor are equally unavailing. To the extent he argues that he expected the undersigned magistrate judge to issue new deadlines after the referral or hold a hearing on the motions for summary judgment, the referral did not occur until October 10, 2024, over four months after Morgan's deadline to respond to Chapman's motion. (D.E. 176). Thus, even were the undersigned to issue a new scheduling order, it would not address the dispositive motion deadline or the response deadline because they have already expired. Similarly, to the extent Morgan relies on opposing counsel's statement in an email that there was no need to vacate any deadlines because the referral order cancelled all pending deadlines, opposing counsel's statement was correct. (D.E. 184 at 1). However, the cancelled deadlines are unrelated to the present motion because the dispositive motion deadline had already expired and does not need to be reset. Finally, 13 days prior to the issuance of the M&R, the undersigned issued orders on several other pending motions, including motions to exclude Morgan's experts, noting that he had not responded to those motions. (D.E. 179). This should have put Morgan on notice that the court was proceeding with consideration of the pending motions. In sum, while excusable neglect can apply to omissions caused by carelessness, Morgan has not proffered a satisfactory reason outside of his control for his extended, repeated failure to stay updated on the status of the case or to recognize the deadlines imposed by the court. The Supreme Court has also been clear that it is improper for a court to consider whether this was due to counsel's mistakes instead of Morgan himself. *Pioneer*, 507 U.S. at 396-97.

11

As to the next *Pioneer* factor, Defendants would suffer prejudice were Morgan to receive an extension to file responses to the motions for summary judgment. As noted by the Defendants, this case has been pending since 2017, and Morgan's motion for leave comes nine and a half months after his original deadline to respond to Chapman's motion for summary judgment. This delay alone could be sufficient to show prejudice. *See, e.g., Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) (noting that an extra 60-day delay in the resolution of a case pending six years would be prejudicial). Further, Morgan filed his motion only after the undersigned issued an M&R addressing the Defendants' motions and evidence. Were Morgan to be granted leave to file responses at this stage, he would do so with the benefit of the M&R's construction of the facts and law and could, in essence, respond to the M&R's analysis rather than Defendants' motions. This is prejudicial to the Defendants.

Finally, as to the length of the delay and its potential impact on judicial proceedings, Morgan's motion for leave comes nine and a half months after his deadline to respond to Chapman's motion for summary judgment. This is an extensive delay and double the length of the discovery delay at the time of the February 2024 hearing. (*See* D.E. 165 at 17). Kopacz has been negatively affected by both delays, having properly filed a dispositive motion in January 2024, only to then have consideration of that motion delayed by Chapman's failure to complete discovery and now, were the present motion to be granted, Morgan's failure to timely respond. Further, although there are no currently pending deadlines, granting Morgan leave to respond would impact the judicial

12

proceedings where, as noted, an M&R has already been issued addressing the merits of the Defendants' motions. This affects more than merely judicial efficiency, but also the Defendants, who did not have the benefit of reading the analysis in the M&R before filing their motions.

After consideration of all four factors identified in *Pioneer*, along with all relevant circumstances surrounding Morgan's omission, the undersigned concludes that Morgan has failed to show excusable neglect that would warrant granting an out-of-time extension to file responses to the Defendants' motions for summary judgment. Accordingly, his request for leave to file responses is denied. Morgan's alternative request for an extension of time to file objections to the M&R is granted. Objections are due 14 days after the entry of this order on Thursday, April 24, 2025.

## III. CONCLUSION

Accordingly, Morgan's motion (D.E. 181) is **GRANTED in part** and **DENIED in part**. Morgan's objections to the M&R (D.E. 180) are due on or before **Thursday, April 24, 2025**.

ORDERED on April 10, 2025.

Julie K. Hampton
United States Magistrate Judge

13

**TAB 5**

United States District Court
Southern District of Texas

**ENTERED**

May 13, 2025

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **COURTNEY MORGAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:17-CV-00004** |
| | § | |
| **MARY CHAPMAN and** | § | |
| **JOHN KOPACZ,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the March 5, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Julie K. Hampton. (Dkt. No. 180). In this lawsuit, Plaintiff Courtney Morgan brings civil-rights claims against Defendants Mary Chapman and John Kopacz under 42 U.S.C. § 1983, alleging violations of his constitutional rights during a search of his medical clinic. (*See id.* at 1–6). Judge Hampton made findings and conclusions and recommended that Defendants' Motions for Summary Judgment, (Dkt. Nos. 151, 167), be granted because both Defendants are entitled to qualified immunity on Morgan's claims. (Dkt. No. 180 at 28–29).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On April 24, 2025, Morgan filed his objections to the M&R. (Dkt. No. 186). On May 6, 2025, Chapman responded. (Dkt. No. 187). In accordance with 28 U.S.C. § 636(b)(1)(C), the Court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed

findings or recommendations to which objection [has been] made."  After conducting this

de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."  *Id.*; *see* Fed. R. Civ. P. 72(b)(3).

# I.     OBJECTIONS AND RESPONSE

Morgan did not respond to either of the summary-judgment motions addressed

in Judge Hampton's M&R.  (Dkt. No. 180 at 1).  After Judge Hampton issued her M&R

on March 5, 2025, Morgan filed a motion seeking permission to file out-of-time responses

to the summary-judgment motions.  (Dkt. No. 181).  Judge Hampton denied this motion

on April 10, 2025, finding that Morgan had not shown excusable neglect for his extended

delay in responding to the motions.   (Dkt. No. 185 at 8–13).   Judge Hampton did,

however, grant Morgan an extension to file objections to the M&R, which resulted in the

objections now before this Court.  (Dkt. No. 185 at 13).  Along with his objections, Morgan

presents additional evidence that he wishes the Court to consider under Rule 72(b)(3) of

the Federal Rules of Civil Procedure.  (Dkt. Nos. 186-1–186-16).

## A.     MORGAN'S OBJECTIONS

Morgan raises four main objections to the M&R, each of which turns on his more

basic objection that summary judgment is inappropriate because disputed issues of

material fact exist.  (Dkt. No. 186 at 16).  First, Morgan objects that the M&R overlooked

evidence that the search of his clinic was pretextual for a criminal investigatory purpose,

which would negate qualified immunity.  (*Id.* at 16–19).  Second, he argues that both

Chapman and Kopacz engaged in wrongdoing connected with their investigation,

including concealing exculpatory information about Morgan.  (*Id.* at 16, 20–23).  Third,

Morgan contends that the Defendants did not act independently but collaborated before, during, and after the search, contrary to their assertions. (*Id.* at 16, 19). Fourth, Morgan argues that the search itself was unreasonably executed, exceeding any legitimate administrative purpose. (*Id.* at 16, 23–25).

Morgan also argues that collateral estoppel should apply based on prior state-court findings. (*Id.* at 17–18). Morgan further contends that well-settled law recognizes that government officials may not enter a private business by subpoena without providing an opportunity for pre-compliance review. (*Id.* at 19–20). Finally, Morgan asserts that qualified immunity is inapplicable when officials prepare and submit false or misleading reports, as is alleged in this case. (*Id.* at 20–21).

### B.   CHAPMAN'S RESPONSE

Chapman raises several procedural counterpoints to Morgan's objections. First, she contends that Morgan's failure to respond to her summary-judgment motion precludes him from raising these issues now. (Dkt. No. 187 at 6–7). Chapman argues that Morgan cannot raise new claims and issues for the first time in objections to the M&R when he failed to respond to the underlying motions. (*Id.*). Second, Chapman contends that the relevant factors do not support accepting Morgan's new evidence. (*Id.* at 3–4). Third, Chapman argues that, because Morgan failed to identify specific findings or conclusions in the M&R to which he objects, the Court should apply a plain-error standard rather than de novo review. (*Id.* at 4–5).

On the merits, Chapman contends that Morgan has failed to show a genuine dispute of material fact that would preclude summary judgment. (*Id.* at 5–9). She argues

25-40357.1946

that Morgan improperly ignores evidence that Chapman had the "denominator" needed to calculate prescription percentages and that two independent physicians reached the same conclusions she did about Morgan's practice. (*Id.* at 6–8.) Chapman also argues that collateral estoppel does not apply because she was not a party to the prior state-court proceedings. (*Id.* at 9.) Finally, Chapman contends that Morgan's new evidence, even if properly offered under Rule 72(b)(3), is substantively inadmissible and should be stricken. (*Id.* at 9–11.)

## II.   DISCUSSION

### A.   WAIVER AND NEW EVIDENCE

First, the Court agrees that Morgan's objections are waived and that the relevant factors do not support accepting Morgan's new evidence. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not property before the district court." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *see also Firefighters' Ret. Sys. v. EisnerAmper, LLP*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their [legal] argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."); *Cooper v. City of Dallas*, 402 F.App'x 891, 892 n.1 (5th Cir. 2010) (per curiam) ("Because [a party's argument] was not properly presented to the magistrate judge, we cannot address it here."); *Cornett v. Astrue*, 261 F.App'x 644, 650 (5th Cir. 2008) (per curiam) ("[Plaintiff] did not present his legal impediments arguments to the magistrate judge and, therefore, is not entitled to raise them on appeal."). Morgan had ample opportunity to respond to both summary-judgment motions but failed to do so, and Judge Hampton already denied his request for leave to file untimely responses after

finding that Morgan had not shown excusable neglect. (Dkt. No. 185 at 8–13). Morgan cannot now circumvent that ruling by presenting entirely new arguments and evidence in his objections to the M&R, especially when those arguments and supporting evidence could have been presented to Judge Hampton during the ordinary course of summary-judgment briefing. To allow Morgan to raise these issues now would effectively permit an end-run around both the summary-judgment deadlines and Judge Hampton's considered ruling denying leave to file late responses.

What's more, the "district judge *may* . . . receive further evidence" only when a party has "*properly* objected to" the M&R. Fed. R. Civ. P. 72(b)(3) (emphasis added). Making this determination is a matter of discretion. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 854 (5th Cir. 2003) ("A district court's denial of a motion to supplement the record after a magistrate judge recommended granting or denying summary judgment is reviewed for an abuse of discretion."). District courts consider "(1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted." *Id.* at 862.

These factors weigh against accepting Morgan's new evidence. First, as Judge Hampton concluded, "Morgan has not proffered a satisfactory reason outside of his control for his extended, repeated failure to stay updated on the status of the case or to recognize the deadlines imposed by the court." (Dkt. No. 185 at 11). Second, while

25-40357.1948

Morgan claims the evidence is important to his case, this consideration is outweighed by the other factors. (Dkt. No. 186 at 1). Third, the evidence Morgan seeks to introduce was previously available to him. (Dkt. No. 187 at 4). Fourth, allowing Morgan to introduce this evidence would unfairly prejudice the Defendants, who would be forced to address new arguments and evidence after the M&R has already been issued. (Dkt. No. 187 at 4). The Court thus finds that the relevant factors do not support accepting Morgan's new evidence.[1]

## B.   QUALIFIED IMMUNITY

The Court also finds that Judge Hampton correctly determined that both Chapman and Kopacz are entitled to qualified immunity. (Dkt. No. 180 at 16–19, 25–28). The Fifth Circuit held in 2019 that, while "on-demand searches of [pain-management] clinics violate the constitution when the statutory scheme authorizing the search fails to provide sufficient constraints on the discretion of the inspecting officers," the law on this issue "was not clearly established." *Zadeh v. Robinson*, 928 F.3d 457, 468–70 (5th Cir. 2019). The search here happened in 2013. (Dkt. No. 180 at 3). The Court also agrees with Judge Hampton's determination that Morgan has not established—as to either Defendant—that the search was "solely to uncover evidence of criminality," as required to show pretext. (*Id.* at 27) (quoting *Zadeh*, 928 F.3d at 471–72). Finally, the Court agrees that the evidence

---

[1]   The Court also agrees with Chapman that Morgan's evidence, even if considered, does not raise a genuine fact issue about whether Chapman was entitled to qualified immunity. (Dkt. No. 187 at 9–12).

25-40357.1949

does not show that Kopacz's role in the search violated the Fourth Amendment and that, in any event, the law was not clearly established at the time. (*Id.* at 17–19).

## III.  CONCLUSION

In sum, the Court has carefully considered de novo those portions of the M&R to which objections have been made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. The Court agrees with the objected-to portions of the M&R and finds no error in the remaining portions. The Court thus accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1)     Judge Hampton's M&R, (Dkt. No. 180), is **ACCEPTED** and **ADOPTED** in its entirety as the opinion of the Court;

(2)     Kopacz's Motion for Summary Judgment, (Dkt. No. 151), is **GRANTED**; and

(3)     Chapman's Motion for Summary Judgment, (Dkt. No. 167), is **GRANTED**.

The Court will enter a separate final judgment.

It is SO ORDERED.

Signed on May 13, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

25-40357.1950

**TAB 6**

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **COURTNEY MORGAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Case No. 6:17-CV-00004** |
| | § | |
| **MARY CHAPMAN and** | § | |
| **JOHN KOPACZ,** | § | |
| | § | |
| **Defendants.** | § | |

### FINAL JUDGMENT

In accordance with the Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge signed by the Court on this date, the Court finds that there are no genuine issues of material fact with respect to any of Plaintiff's claims, and Defendants are entitled to judgment as a matter of law.

Accordingly, Plaintiff shall take nothing by his claims against Defendants and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE.** All relief requested by Plaintiff is denied. All allowable and reasonable costs of court are taxed against Plaintiff. All relief not expressly granted herein is denied.

This is a **FINAL JUDGMENT**.

Signed on May 13, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

**TAB 7**

United States District Court
Southern District of Texas
**ENTERED**
March 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| COURTNEY MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-00004 |
| | § | |
| MARY CHAPMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Courtney Morgan filed this civil rights action under 42 U.S.C. § 1983 against Defendants Mary Chapman and John Kopacz in January 2017. Morgan, a medical doctor, alleges that Chapman and Kopacz, both government agents, illegally searched his medical clinics, seized medical records, and used fabricated evidence to support a criminal indictment against him that was later dismissed by the state court. Currently pending are Kopacz's motion for summary judgment (D.E. 151) and Chapman's motion for summary judgment (D.E. 167). Morgan has not responded to either motion.

For the reasons discussed further below, it is recommended that Kopacz's motion for summary judgment (D.E. 151) be **GRANTED**, and Chapman's motion for summary judgment (D.E. 167) be **GRANTED** because both are entitled to qualified immunity on Morgan's claims.

25-40357.1729

## I.   COMPLAINT

Morgan alleges the following in his third amended complaint.  (D.E. 110).  Morgan was a family medicine physician who was licensed to practice in Texas.  (*Id.* at 2).  He was the sole owner of two medical practices, Hop Medical Services, M.D.P.A. ("Hop"), and Drive Thru Doc, PLLC ("DTD").  (*Id.*).  Hop was Morgan's primary family medicine practice, while DTD was a smaller practice where Morgan was able to treat simple medical issues like rashes, toothaches, and urinary tract infections, among others.  (*Id.* at 2-3).  Morgan never treated anyone at DTD with narcotic pain medication.  (*Id.* at 3).  He never dispensed narcotics from either practice.  (*Id.*).

Chapman was employed by the Texas Medical Board ("TMB") and investigated a claim that Morgan operated a "pill mill" at Hop.  (*Id.* at 2-3).  "Pill mill" is not statutorily defined, but the phrase refers to a medical practice that exclusively prescribes narcotics, has a pharmacy on-site, accepts only cash payments, has a large volume of patients, keeps no medical records, and makes no diagnoses or prescriptions other than those for narcotic pain medication, among other factors.  (*Id.* at 3-4).  None of these characteristics applied to either of Morgan's practices.  (*Id.* at 4).  Nonetheless, Chapman stated that her investigation was to determine whether Hop was a pill mill despite TMB having received no complaints about Morgan.  (*Id.*).  Chapman had the authority to issue instanter subpoenas that, according to her, required immediate compliance and production of documents.  (*Id.* at 4-5).  However, an instanter subpoena does not authorize warrantless

searches, and Texas law allows a recipient of a TMB subpoena a "reasonable amount of time" to respond.  (*Id.* at 5).

In July 2013, Chapman contacted Kopacz, a law enforcement officer for the Texas Department of Public Safety ("DPS"), and coordinated a law enforcement presence while she served the subpoena on Morgan.  (*Id.*).  This law enforcement presence forced compliance with the subpoena and gave Chapman access to privileged and confidential information, including patient medical information, without a warrant.  (*Id.* at 5-6).  The search occurred on July 18, 2013, and included Chapman, two additional TMB agents, Kopacz, at least two Drug Enforcement Administration ("DEA") agents, and one local police officer.  (*Id.* at 6).  All law enforcement agents were armed.  The entire group entered DTD and served two subpoenas on an administrative assistant.  The administrative assistant was not allowed to contact Morgan or her supervisor, was not allowed to answer or make any calls, and was not permitted to leave DTD.  She was threatened with arrest if she refused to provide medical records, despite informing Chapman that she was not the custodian of records.  (*Id.*).  Chapman seized all printed records at DTD, including those not listed in the subpoena, and searched and photographed the premises, including closed drawers, cabinets, and boxes.  (*Id.* at 7).  The administrative assistant was in fear and was forced to write an inaccurate witness statement that was partially dictated by Chapman. (*Id.*).

After completing the search of DTD, Chapman, Kopacz, and the rest of the group went to Hop and again served two subpoenas on Morgan.  (*Id.*).  Chapman insisted that the

25-40357.1731

documents immediately be given to the agents and stated that they would not leave until they received the documents. (*Id.*). Morgan and his staff were not allowed to communicate with each other and were told they had to comply with the subpoena. (*Id.* at 7-8). Morgan was confined in an examination room for over 40 minutes while Kopacz and the TMB agents searched the entire premises, including confiscating employee phones. (*Id.* at 8).

Chapman and TMB agent Belinda West compiled an investigative report from the seized medical records. (*Id.* at 9). Kopacz requested access to privileged and confidential protected medical information, and he was provided with the entire investigative file from TMB. This included over 14,500 documents, including prescription histories and patient names. This was the sole evidence Kopacz relied on to seek a criminal prosecution of Morgan. Kopacz recommended to the Victoria County District Attorney that Morgan be charged with having an unlicensed pain management clinic. On August 21, 2014, Morgan was indicted and arrested for failure to certify a pain management clinic, a third-degree felony. (*Id.*).

Morgan filed a motion to suppress in the criminal proceedings. (*Id.*). At the suppression hearing, Chapman made numerous false statements intended to portray DTD as an illegitimate medical practice. (*Id.* at 9-10). She also falsely testified that all records taken were contained in the subpoena. (*Id.* at 10). Kopacz also testified to several false statements to downplay the intimidation tactics used to force compliance during the warrantless search. (*Id.* at 10-11). Kopacz also knew of exculpatory evidence that he withheld in violation of a court order to disclose such information. (*Id.* at 11). The state

court concluded that Chapman and Kopacz worked together in bad faith to conduct a warrantless search with the intent to pursue criminal charges against Morgan. (*Id.*). Accordingly, the court granted the motion to suppress the documents seized during the search, and the charges against Morgan were subsequently dropped. (*Id.* at 12).

The investigation report produced by Chapman and West included intentionally inaccurate calculations regarding what percentage of Morgan's prescriptions were for restricted narcotic drugs. (*Id.* at 13). Further, Chapman and West never reviewed the records to determine whether Morgan used other forms of treatment in addition to prescribing drugs. (*Id.*). The TMB never investigated or disciplined Chapman or any other TMB investigator despite the state court's finding that Chapman acted in bad faith and was not credible. (*Id.* at 13-14). Chapman subsequently used fabricated evidence in another case unrelated to Morgan. (*Id.* at 14).

Morgan raises five specific claims.[1] First, he alleges that Kopacz violated his Fourth Amendment rights by conducting an unreasonable, warrantless search of the DTD and Hop premises and seizing property from both locations. (*Id.* at 14-15). The intent behind this search was to pursue criminal charges against Morgan through the improper use of Chapman's administrative subpoenas. (*Id.* at 16). Second, Morgan alleges that Kopacz violated his Fourth Amendment rights by seeking criminal charges against him without probable cause and based entirely on the TMB investigative report, resulting in an

---

[1] The District Court previously granted Chapman qualified immunity on a fifth claim, which has been dismissed. (D.E. 126 at 31-35, 40).

5 / 29

unreasonable seizure analogous to malicious prosecution. (*Id.* at 17-18). Kopacz made material misstatements of fact and material omissions of material facts to facilitate the prosecution. (*Id.* at 18).

Third, Morgan alleges that Chapman violated his Fourth Amendment rights by conducting an unreasonable, warrantless search of the DTD and Hop premises and seizing property from both locations. (*Id.* at 19-21). Chapman's intent was to use the instanter subpoenas to avoid judicial oversight and circumvent the need for a warrant, and the purpose of the search was to pursue criminal charges against Morgan. (*Id.* at 20-21). Chapman was required by Texas law to provide Morgan with 14 days to respond to the subpoenas. (*Id.* at 22). Finally, Morgan alleges that Chapman violated his Fourteenth Amendment due process rights by knowingly preparing a false report regarding Morgan's prescriptions. (*Id.* at 25-26). The report inflated the percentage of prescriptions that were for narcotic drugs. (*Id.* at 26). Chapman then provided this fabricated evidence to Kopacz, where it was used to bring false charges against Morgan. (*Id.* at 26-27). Chapman knew that Morgan was innocent, but she supported his prosecution anyway. (*Id.* at 27). Morgan seeks damages and attorney's fees. (*Id.* at 16, 19, 22, 28).

## II.   APPLICABLE LAW

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1017–18 (5th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). The moving party bears the initial burden of identifying the portions of

the record it believes shows the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this requirement, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that" a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The nonmoving party "must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 457 (S.D. Tex. 2012) (Rosenthal, C.J.) (citing *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007)). A court is not required to search the record for evidence supporting a party's opposition to summary judgment. *Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).  "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule."  *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995).

"A fact is 'material' if its resolution in favor of" a party could affect the lawsuit's outcome. *Hamilton*, 232 F.3d at 477. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* The showing of a genuine issue is not satisfied by conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Factual controversies are resolved in favor of the nonmoving party; however, there must be an actual controversy—both parties must have submitted evidence of contradictory facts. *Id.*

Without proof, a court will not "assume that the nonmoving party could or would prove the necessary facts." *Id.* (emphasis omitted). If the record does not allow for "a rational trier of fact to find for the non-moving party, there is no genuine issue for trial[,]" and summary judgment must be granted. *See Brush*, 911 F. Supp. 2d at 457 (internal quotations omitted).

Qualified immunity, if properly asserted, protects state officials performing discretionary functions from liability for civil damages. *Buehler v. Dear*, 27 F.4th 969, 981 (5th Cir. 2022). The plaintiff bears the burden of showing qualified immunity does not apply. *Mayfield v. Currie*, 976 F.3d 482, 486 (5th Cir. 2020). Evaluating qualified immunity is a two-step process. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). First, a court must determine whether the plaintiff has shown a violation of a constitutional right. *Id.* Second, a court must determine whether this right was clearly established at the time of the defendant's conduct. *Id.* These two prongs may be addressed in either order. *Id.* at 236.

To be clearly established, a right must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotations omitted). Further, "the clearly established right must be defined with specificity." *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019). While a plaintiff need not point to "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021). The inquiry "is

8 / 29

judged against the backdrop of the law at the time of the conduct." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (internal quotation marks omitted). Alternatively, there can be rare, "obvious" cases where an action's unlawfulness is clear despite the lack of precedent. *Batyukova v. Doege*, 994 F.3d 717, 726 (5th Cir. 2021).

When considering a challenge to an instanter subpoena executed by TMB, the Fifth Circuit concluded that, "[a]bsent consent, exigent circumstances, or the like, in order for an administrative search to be constitutional, the subject of the search must be afforded an opportunity to obtain precompliance review before a neutral decisionmaker." *Zadeh v. Robinson*, 928 F.3d 457, 464 (5th Cir. 2019) (citing *Cotropia v. Chapman*, 721 F. App'x 354 (5th Cir. 2018)). However, "[n]o opportunity for precompliance review is needed for administrative searches of industries that have such a history of government oversight that no reasonable expectation of privacy exists for individuals engaging in that industry." *Id.* (internal quotation marks omitted). Nonetheless, a warrantless search of a closely regulated industry "must still satisfy three criteria: (1) a substantial government interest, (2) a regulatory scheme that requires warrantless searches to further the government interest, and (3) a constitutionally adequate substitute for a warrant." *Id.* at 464-65 (internal quotation marks omitted).

In *Zadeh*, the Fifth Circuit concluded that "the medical industry as a whole is not a closely regulated industry." *Id.* at 466. However, it assumed for the purposes of the case that pain management clinics were part of a closely regulated industry. *Id.* Even under this assumption, the Fifth Circuit concluded that instanter subpoenas were not a

9 / 29

constitutionally adequate substitute for a warrant, and the execution of such a subpoena was a violation of the plaintiff's Fourth Amendment rights. *Id.* at 467-68. Further, the court concluded that "it was clearly established at the time of this search that the medical profession as a whole is not a closely regulated industry." *Id.* at 468. However, the court then concluded that it was not clearly established that "on-demand searches of [pain management] clinics violate the constitution." *Id.* at 468-70. The search occurred in October 2013. *Id.* at 462.

The Fifth Circuit further expanded on TMB's use of instanter subpoenas and qualified immunity in *Cotropia v. Chapman*, 978 F.3d 282 (5th Cir. 2020). In particular, the Fifth Circuit noted that the relevant question for qualified immunity purposes was whether a reasonable official could have concluded that a medical practice was acting as a pain management clinic, not whether the practice actually was acting as a pain management clinic. *Id.* at 288.

"Even under a valid inspection regime, the administrative search cannot be pretextual." *Club Retro, LLC v. Hilton*, 568 F.3d 181, 197 (5th Cir. 2009). This does not, however, mean that "an overlap between an administrative search and a criminal search" is inherently problematic. *Zadeh*, 928 F.3d at 471. Instead, the question is "whether the administrative scheme really authorized searches undertaken solely to uncover evidence of criminality." *Id.* (internal brackets and quotation marks excluded). In *Zadeh*, the Fifth Circuit concluded that a TMB search was not pretextual despite close involvement by the DEA in the investigation because it was not performed "solely to uncover evidence of

10 / 29

criminality." *Id.* at 471-72.  The Fifth Circuit noted that TMB's "subsequent administrative action" against the doctor demonstrated the search's administrative purpose.  *Id.*  In *Cotropia*, the Fifth Circuit reconfirmed the pretext analysis, and concluded that pretext did not exist even where TMB ultimately declined to take further administrative action following the search.  *Cotropia*, 978 F.3d at 290.

"To succeed on a fabrication-of-evidence claim under the Fourteenth Amendment, Plaintiffs must show (1) the officers fabricated evidence (2) for the purpose of falsely obtaining a charge and (3) that the evidence influenced the decision to charge."  *Cole v. Hunter*, 497 F. Supp. 3d 172, 190 (N.D. Tex. 2020).

Under Texas law, "'[p]ain management clinic' means a publicly or privately owned facility for which a majority of patients are issued on a monthly basis a prescription for opioids, benzodiazepines, barbiturates, or carisoprodol, but not including suboxone."  Tex. Occ. Code § 168.001(1).  Such a clinic may not operate unless it is certified.  *Id.* § 161.101(1).

### III.  KOPACZ MOTION FOR SUMMARY JUDGMENT (D.E. 151)

    *a.*   *Arguments*

In his motion for summary judgment, Kopacz argues that he is entitled to qualified immunity on both of Morgan's Fourth Amendment claims against him.  (D.E. 151 at 8-13).  As to the unreasonable search claim, Kopacz argues that the District Court's prior denial of Chapman's qualified immunity argument at the motion to dismiss stage is not applicable to him because there is no evidence that he prompted or was otherwise involved

in the issuance of the subpoenas. (*Id.* at 10). He contends that the evidence instead shows that both TMB and DPS were conducting separate investigations of Morgan, and the subpoenas were solely for the benefit of TMB. (*Id.*). Kopacz notes that instanter subpoenas were not ruled unconstitutional until 2018, well after the search at issue here. (*Id.* at 11). Further, he asserts that liability does not extend to a law enforcement officer who merely assisted in the execution of another party's subpoena. (*Id.*). Kopacz argues that the subpoenas and search were not pretextual because the evidence shows that TMB was conducting an administrative investigation into Morgan both before and after the search. (*Id.* at 11-12). As to the unlawful seizure analogous to malicious prosecution claim, Kopacz argues that he should be granted qualified immunity for the same reasons the District Court previously granted Chapman qualified immunity on this claim. (*Id.* at 12-13).

Morgan has not responded.

b. *Summary Judgment Evidence*

On June 1, 2013,[2] Kopacz completed an offense report indicating that he had received reports from several local pharmacists that Morgan, through DTD, was issuing prescriptions for controlled substances without seeing patients. (D.E. 151-1 at 2-3). Kopacz contacted a Houston-based DEA investigator and they made a plan to conduct undercover purchases from DTD. (*Id.* at 3). This undercover operation occurred on April

---

[2] Although Kopacz completed the report on June 1, 2013, it details investigative actions dating back to April 2013.

9, 2013.  An undercover agent was able to obtain prescriptions for Soma and Phentermine after meeting with Morgan.  A second agent, who was advised to leave if Morgan was contacted and on his way to DTD, was sent later that day and sought prescriptions for Soma and Phentermine.  She was told that Morgan was on his way, so she left DTD.  (*Id.*).  On May 3, 2013, Kopacz received a call from a local pharmacist, who told him that she was still receiving prescriptions from Morgan.  (*Id.* at 4).  Another local pharmacist called the DEA after Morgan and his attorney threatened the pharmacy with a lawsuit for refusing to fill his prescriptions.  Kopacz was also contacted about Morgan by a third local pharmacist. Kopacz visited the pharmacist that Morgan had threatened with a lawsuit and determined that the signatures on Morgan's prescriptions did not match.  (*Id.*).

Kopacz's report further indicated that he visited the recipient of one of Morgan's prescriptions and questioned how she obtained the prescription, which was for Adderall. (*Id.*).  She indicated that she received the prescription, along with two others, at Hop without having seen Morgan.  (*Id.*).  Kopacz visited the pharmacies the patient filled the prescriptions at and again determined that the signatures did not match.  (*Id.* at 5).  On June 1, 2013, Kopacz reviewed a local news story about DTD.  (*Id.*).

In a second report, Kopacz indicated that he received information from TMB regarding Morgan operating a pain management clinic without a license.  (*Id.* at 8).  This evidence showed that he prescribed opioids, benzodiazepines, barbiturates, and/or carisoprodol to more than 50% of his patients.  (*Id.*).  On July 18, 2013, Kopacz assisted Chapman in serving an administrative subpoena at both DTD and Hop.  (*Id.* at 9).  Kopacz

13 / 29

provided security at DTD while TMB investigators obtained copies of records and gathered information. The DEA also conducted a controlled substance location check at Hop. Kopacz and the DEA agents left Hop after the location check, while TMB investigators stayed. Kopacz requested the TMB investigative file on August 27, 2013. The TMB report indicated that, in March 2013, 65% of Morgan's patients received prescriptions for controlled drugs. (*Id.*). Kopacz believed this qualified Morgan's practices as a pain management clinic and that Morgan did not qualify for any exemption to the licensing requirements. (*Id.* at 9-10). Because it appeared to him that Morgan was operating an unregistered pain management clinic, Kopacz would present the case to the Victoria County District Attorney for prosecution. (*Id.* at 10).

On June 26, 2013, TMB began an administrative investigation of Morgan based on suspicion that he was operating a drive-through clinic for prescriptions without visiting the patients. (D.E. 151-6 at 2). The investigation began based on a newspaper article. (*Id.*).

TMB's subpoenas for DTD and Hop were signed by Chapman and Mari Robinson, the executive director of TMB. (D.E. 151-2 at 1-15).

Kopacz testified to the following at a May 1, 2015, suppression hearing. (D.E. 151-3). Part of his job was to investigate prescription drugs. (*Id.* at 14). As part of this duty, he had worked in conjunction with the TMB when the TMB contacted DPS to pursue potential criminal charges. (*Id.*). Of his caseload, around 50% involved liaising with TMB. (*Id.* at 18). While Kopacz was investigating another case about a location writing prescriptions for scheduled drugs, pharmacists indicated to him that they thought Morgan's

14 / 29

DTD location was providing prescriptions without patients seeing Morgan. (*Id.* at 21). Kopacz contacted TMB after he began his investigation because they specialized in these types of investigations. (*Id.* at 22). He specifically contacted Chapman, who told him they had already received reports about Morgan from pharmacists. (*Id.* at 23-24). At the time of TMB's search of Chapman's practices, Kopacz had not opened a criminal investigation, but was looking to see if there were violations of criminal law. (*Id.* at 26). After the search, TMB provided Kopacz with Morgan's prescription history for March 2013. (*Id.*).

Kopacz further testified that he did not have an open criminal investigation against Morgan at the time of the search and had nothing to do with drafting the subpoenas. (*Id.* at 35). Kopacz acted only as support for the TMB investigators and did not talk to anyone. (*Id.* at 37-38). He was there mainly as security. (*Id.* at 38). Kopacz did not speak to anyone at either of Morgan's offices. (*Id.* at 40-41). He did not participate in any way in seizing documents from Morgan's offices. (*Id.* at 51). Kopacz relied on TMB's report regarding Morgan's patients and how many received prescriptions for listed pain medications. (*Id.* at 63).

Chapman testified to the following at an August 20, 2015, continuation of the suppression hearing. (D.E. 151-4). The documents seized under the subpoena were relevant to TMB's administrative investigation of Morgan. (*Id.* at 34-35). Law enforcement accompanied the TMB agents on the search as a professional courtesy in case of danger. (*Id.* at 41). She spoke with Kopacz before searching Morgan's offices and asked if Kopacz had any interest in going with them. (*Id.* at 68-69). She may have had

contact with Kopacz or other local law enforcement regarding Morgan before that, but she did not remember. (*Id.* at 69-70). TMB issued the subpoenas based on Morgan's prescription history and media reports. (*Id.* at 72).

Chapman continued her testimony on September 3, 2015. (D.E. 151-5). The initial complaint that led to the investigation of Morgan was from a newspaper article. (*Id.* at 20-21). Chapman was not working with law enforcement officers during the investigation or at the time the subpoenas were issued. (*Id.* at 68). Kopacz was present during the searches as a professional courtesy. (*Id.*).

    c.    *Discussion*

Here, Kopacz is entitled to qualified immunity on both Morgan's unreasonable search claim and his unreasonable seizure analogous to malicious prosecution claim. First, regarding the unreasonable search claim, the summary judgment evidence does not show that Kopacz violated Morgan's Fourth Amendment rights. As to the issuance of the subpoenas, although Kopacz and Chapman had corresponded about Morgan prior to the issuance of the subpoenas, there is no evidence in the record that Kopacz played a role in obtaining them. (D.E. 151-3 at 22-24, 35; D.E. 151-4 at 68-69; D.E. 151-5 at 68). The subpoenas were based on a media report and Morgan's prescription history, and they were issued by TMB and signed by Chapman and the executive director. (D.E. 151-2 at 15; D.E. 151-4 at 72). The evidence indicates that Kopacz was conducting his own investigation prior to the issuance of the subpoenas, but does not show any connection between this investigation and TMB's decision to issue the subpoenas. (D.E. 151-1 at 2-

16 / 29

25-40357.1744

5). With no evidentiary connection between Kopacz and the issuance of the subpoenas, Morgan has not shown a genuine issue of material fact regarding whether Kopacz violated his Fourth Amendment rights in relation to the subpoenas.

As to the searches of DTD and Hop, the evidence in the record indicates that Kopacz merely attended to act as security and did not actively participate in the searches. Both Kopacz and Chapman portray Kopacz's involvement in this way. (D.E> 151-1 at 9; D.E. 151-3 at 37-38, 40-41, 51; D.E. 151-4 at 41; D.E. 151-5 at 68). Morgan has not provided any contrary evidence. Although Kopacz requested TMB's investigative files after the search, this does not show that he participated in the search. (D.E. 151-3 at 26). Given the evidence in the record, Morgan has not established a genuine issue of material fact regarding whether Kopacz violated his Fourth Amendment rights during the searches.

Further, even if Kopacz's attendance at the searches was sufficient to qualify as a violation of Morgan's Fourth Amendment rights, this was not clearly established at the time of the search. In the comparable context of a warrant, the Fifth Circuit has held that only the affiant and any officer who helped prepare a warrant application may be held liable because those officers are "in a position to see the whole picture, to understand [their] responsibility, and thus fully to assess probable cause questions." *Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005). Although the record does indicate that Kopacz discussed the case with Chapman prior to the issuance of the subpoenas, he did not sign them and there is no indication that he helped to prepare them. (D.E. 151-2 at 1-15; D.E. 151-3 at 23-24, 35). Thus, it was not clearly established that his mere attendance at the

17 / 29

searches was sufficient to hold him liable even if the searches were a violation of Morgan's Fourth Amendment rights.

Finally, there is no evidence in the record that the searches were merely a pretext to support criminal charges from Kopacz. As discussed above, the record does not contain evidence connecting Kopacz to the issuance of the subpoenas or to conducting the search. That Kopacz later obtained the contents of the search from TMB and that criminal charges were eventually brought against Morgan is not sufficient to show pretext because there may be some overlap between an administrative search and a criminal search. *Zadeh*, 928 F.3d at 471; *Cotropia*, 978 F.3d at 290. The record shows that TMB commenced an administrative action against Morgan and that both TMB and Kopacz were independently investigating Morgan prior to the issuance of the subpoenas and the searches. (D.E. 151-3 at 2-5; D.E. 151-6 at 2). Under these circumstances, Morgan has not established that the purpose of the searches was "solely to uncover evidence of criminality," as is necessary to show pretext. *Zadeh*, 928 F.3d at 471-72.

Second, regarding the unreasonable seizure analogous to malicious prosecution claim, Kopacz is entitled to qualified immunity for the same reasons that the District Court granted qualified immunity to Chapman at the motion to dismiss stage. (D.E. 126 at 35).[3] Even assuming that Morgan has shown a constitutional violation at the first step of the analysis, he has not shown that this right was clearly established. As the District Court

---

[3] Kopacz did not raise a qualified immunity argument at the motion to dismiss stage. (*See* D.E. 126 at 31).

discussed, the Supreme Court recognized a Fourth Amendment malicious prosecution claim under § 1983 for the first time in 2022. *See Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023) (citing *Thompson v. Clark*, 596 U.S. 36, 42 (2022)). Prior to that, the Fifth Circuit had "denied the possibility of a constitutional malicious prosecution claim," instead requiring such a claim to be asserted as a Fourth Amendment unreasonable search or seizure claim. *Espinal v. City of Houston*, 96 F.4th 741, 748 (5th Cir. 2024). Indeed, that is how Morgan's current claim ended up being styled as an unreasonable seizure analogous to malicious prosecution. *Morgan v. Chapman*, 969 F.3d 238, 249-50 (5th Cir. 2020).

As the District Court stated at the motion to dismiss stage, it has been clearly established since 1978 "that a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018). However, Morgan has not alleged or shown that Kopacz made a false statement in an affidavit in support of a warrant. Instead, Morgan's allegations and the summary judgment evidence indicate that the seizure occurred only after Morgan was indicted by a grand jury. Accordingly, as the District Court concluded with Chapman, Kopacz is entitled to qualified immunity on Morgan's unreasonable seizure analogous to malicious prosecution claim because Morgan has not shown the violation of a right that was clearly established.

Accordingly, it is recommended that Kopacz's motion for summary judgment (D.E. 151) be **GRANTED**.

19 / 29

## IV. CHAPMAN MOTION FOR SUMMARY JUDGMENT (D.E. 167)

### a. Arguments

In her motion for summary judgment, Chapman argues that, as an initial matter, although the District Court denied her qualified immunity argument at the motion to dismiss stage, the evidence now shows that the factual allegations in the complaint were not accurate. (D.E. 167 at 4). As to the Fourteenth Amendment claim, Chapman argues that she is entitled to qualified immunity because, first, she did not fabricate evidence. (*Id.* at 14-15). Second, Chapman contends that she did not create the audit report for the purpose of obtaining criminal charges, but rather for the purpose of determining if TMB should pursue non-criminal charges. (*Id.* at 15-16). Third, she asserts that the causal chain necessary to hold her personally liable was broken when she provided the entire investigative file to Kopacz. (*Id.* at 16). Finally, Chapman argues that a Fourteenth Amendment claim is only available where a Fourth Amendment claim would be unavailing, but Morgan has maintained a Fourth Amendment claim as well. (*Id.* at 16-17). As to the Fourth Amendment unreasonable search claim, Chapman does not dispute that binding precedent indicates that Morgan's Fourth Amendment rights were violated. (*Id.* at 17). However, she argues that this right was not clearly established at the time of the search, and further, she had reasonable cause to believe that Morgan was operating an unregistered pain management clinic. (*Id.* at 17-18). Further, she argues that the search was not pretextual because Morgan cannot establish that its sole purpose was to find evidence of criminal wrongdoing. (*Id.* at 18-19).

Morgan has not responded.

    b.    *Summary Judgment Evidence*[4]

Belinda West, the investigations manager for TMB in 2013, stated the following in a declaration. (D.E. 167-1). In 2013, TMB's investigation process began with an initial complaint about a doctor or medical practice. (*Id.* at 2). TMB was often the complainant itself in instances where it learned of concerning information without a third-party complaint being filed. (*Id.*). A complaint was then assigned to an investigator to perform more in-depth review. (*Id.* at 3). This usually included obtaining information about the provider's prescribing history from DPS. The investigator would discuss the case with their supervisors, and a supervisor had to approve any subpoenas. After approval of a subpoena, the investigator would perform an on-site visit and obtain documents. In cases involving suspicion of an unregistered pain management clinic, TMB would issue an instanter subpoena. (*Id.*). Visits of potential unregistered pain management clinics could be dangerous, so it was standard practice for TMB to have law enforcement officers accompany them for safety purposes. (*Id.* at 4). The investigator would next examine the documents scanned during the execution of the subpoena and complete an audit report. (*Id.*). This report was presented to an expert panel of board-certified and licensed medical doctors, who would decide if there was a violation of the Texas Medical Practice Act. (*Id.*

---

[4] Chapman relies on several pieces of evidence also discussed above regarding Kopacz's motion. This memorandum does not recount that evidence again but does consider it in analyzing Chapman's motion.

at 4-5). If they found a violation, the case would be referred to the TMB legal department. (*Id.* at 5).

Chapman stated the following in a declaration. (D.E. 167-4). She did not take any actions against Morgan for the purpose of obtaining criminal charges. (*Id.* at 2). Her main goal was to determine whether he or his practices violated the Texas Medical Practice Act. (*Id.*). In June 2013, a local newspaper reported that Morgan was writing prescriptions without seeing patients. (*Id.* at 3). On the basis of this story, TMB opened an investigation. The case was initially screened by a TMB physician investigator, who noted that Morgan could be operating an unregistered pain management clinic, also referred to as a "pill mill." Chapman was the assigned investigator, and she obtained Morgan's prescription history for a period between June 2012 and June 2013. (*Id.*). These records indicated that most of Morgan's patients were receiving controlled drugs, including 42% receiving prescriptions for opioids, 22% for benzodiazepines, and 8% for carisoprodol. (*Id.* at 3-4). Morgan's practices were not registered as pain management clinics. (*Id.* at 4).

Chapman further stated that she spoke with an investigator for the DEA, who told her that the DEA had an active investigation into DTD. (*Id.*). Chapman believed that an on-site visit using an instanter subpoena was necessary to determine whether Morgan was operating an unregistered pain management clinic, and West, her supervisor, agreed. Chapman conducted the on-site visit on July 18, 2013, and scanned various relevant documents into a TMB database. The purpose of the visit was to investigate whether TMB should initiate administrative proceedings against Morgan, not to find evidence of criminal

activity. (*Id.*). Several DPS officers were present during the visit, but they came for protective purposes, were not meaningfully involved in the visit, and left before it was over. (*Id.* at 5). This was standard TMB procedure when visiting potential unregistered pain management clinics, which could be dangerous. (*Id.*). Chapman created an audit report of Morgan's patient records for March 2013, which showed that 56% of Morgan's patients that month were issued opioids, 12% were issued carisoprodol, and 29% were issued benzodiazepines. (*Id.* at 6). Based on these numbers, Chapman believed Morgan was operating an unregistered pain management clinic. (*Id.*). At the next stage of the TMB process, the two expert panelists concluded that Morgan had been operating a pill mill, his practice did not meet the standard of care, and he posed a danger to public welfare. (*Id.* at 6-7). The case was then sent to the TMB legal department, and TMB eventually filed an administrative proceeding against Morgan. (*Id.* at 7). Chapman was not meaningfully involved in filing the administrative proceeding. (*Id.*).

Chapman further stated that she was not aware of Kopacz's request for the TMB investigative file and was not involved in responding to it. (*Id.*). She also was not involved in any way in the Victoria District Attorney's decision to file criminal charges against Morgan. (*Id.* at 8).

A June 2, 2013, news article from the *Victoria Advocate* alleged that Morgan was providing prescriptions without physical examinations of patients. (D.E. 167-12 at 2-7).

Correspondence from DPS indicated that Chapman obtained Morgan's prescription history prior to the issuance of the subpoenas. (D.E. 167-8 at 2; D.E, 167-9; D.E. 167-10).

23 / 29

In a July 2, 2013, report, Chapman indicated that the TMB investigation of Morgan was initiated after a news article and video showed a patient receiving a prescription at DTD without seeing Morgan. (D.E. 167-29 at 3). A DEA investigator informed Chapman that they had an active investigation into Morgan. The DEA believed Morgan was operating a pill mill. (*Id.*). The DPS report showed that, between June 2012 and June 2013, 42% of Morgan's patients received opioids, 22% received benzodiazepines, and 8% received carisoprodol. (*Id.* at 3-4). Chapman's plan was to serve instanter subpoenas on both DTD and Hop. (*Id.* at 4).

Chapman's audit of Hop showed that, in March 2013, 65% of Morgan's patients received prescriptions for controlled drugs. (D.E. 167-32 at 2). A TMB expert panel consisting of two medical doctors concluded that Morgan's records showed that: (1) his opioid prescriptions did not conform to national or state guidelines for chronic opioid therapy; (2) the records did not support proper evaluation and examination by Morgan; (3) Morgan used identical prescription templates that did not reflect real evaluation of patients, and the cost to patients was typically based on the type of drug they were prescribed; and (4) Morgan indiscriminately prescribed narcotics. (D.E. 167-35 at 28-29).

On September 9, 2013, TMB Records Custodian Gaby Loredo responded to Kopacz's records request and provided him with TMB's investigation file on Morgan. (D.E. 167-17 at 2-4). E-mails between Kopacz and TMB staff regarding this request indicate that he spoke only with West and Loredo. (D.E. 167-18 at 2-3).

25-40357.1752

In August 2014, Morgan was criminally indicted for operating an unregistered pain management clinic.  (D.E. 167-23 at 2).  The charge was dismissed in January 2016.  (D.E. 167-22 at 6).

In November 2014, TMB filed an administrative complaint against Morgan.  (D.E. 167-25 at 2).  Among other allegations, TMB alleged that Morgan violated the requirement that pain management clinics be certified.  (D.E. 167-26 at 4-6).  The Texas State Office of Administrative Hearings concluded in March 2017 that, among other violations, Morgan operated an unregistered pain management clinic in March 2013 and could be sanctioned for that violation.  (D.E. 167-27 at 6).

*c.   Discussion*

Here, Chapman is entitled to qualified immunity on both Morgan's unreasonable search claim and his due process claim.  First, regarding the Fourteenth Amendment due process claim, Morgan has failed to establish a genuine issue of material fact regarding whether Chapman violated his constitutional rights by fabricating evidence, which is the first prong of the legal standard.  *See Cole*, 497 F. Supp. 3d at 190.  The evidence in the record indicates that Chapman relied on a local news story and Chapman's prescription history to determine that he was likely operating an unregistered pain management clinic. (D.E. 151-6 at 2; D.E. 151-4 at 72; D.E. 151-5 at 20-21; D.E. 167-4 at 3-4; D.E. 167-29 at 3-4).  Further, Chapman completed an audit of the records collected during the search to conclude that Morgan issued prescriptions for the statutorily-designated drugs to a majority of his patients in March 2013, which meets the standard to qualify as a pain management

clinic. Tex. Occ. Code § 168.001(1); (D.E. 167-4 at 6; D.E. 167-32 at 2). Notably, at the end of the state administrative proceedings, the Texas State Office of Administrative Hearings concluded that Morgan operated an unregistered pain management clinic in March 2013 and could be sanctioned for that violation. (D.E. 167-27 at 6). Morgan has not submitted any evidence contradicting Chapman's explanation or showing that this evidence was fabricated. Accordingly, he has not established a genuine issue of material fact regarding the violation of a constitutional right, and Chapman is entitled to qualified immunity.

Second, regarding the Fourth Amendment unreasonable search claim, Chapman does not dispute that binding precedent dictates a finding that the searches pursuant to instanter subpoenas violated Morgan's rights. (D.E. 167 at 17); *Zadeh*, 928 F.3d at 467-68. However, Chapman is nonetheless entitled to qualified immunity on this claim because, under the Fifth Circuit's reasoning in *Zadeh*, it was not clearly established at the time of the search that the use of instanter subpoenas to conduct a search of a suspected pain management clinic was a violation of the Fourth Amendment.

The relevant question is not whether Morgan actually operated an unregistered pain management clinic,[5] but rather whether a reasonable official in Chapman's position could have believed that he did. *See Cotropia*, 978 F.3d at 288. Chapman has presented evidence that she had reason to believe that Morgan's practices were an unregistered pain

---

[5] Although, as noted above, the Texas State Office of Administrative Hearings concluded that Morgan did operate an unregistered pain management clinic. (D.E. 167-27 at 6).

26 / 29

management clinic under Texas law. *See* Tex. Occ. Code § 168.001(1). In particular, she has presented evidence that her investigation prior to the search showed that it was likely that more than 50 percent of Morgan's prescriptions from June 2012 to June 2013 were for opioids, benzodiazepines, barbiturates, or carisoprodol, which would qualify his practice as a pain management clinic. (D.E. 167-4 at 3-4). Other evidence that Chapman relied on included a news article about DTD, the DEA's reports of its own investigation into Morgan, and reports of local pharmacists refusing to fill Morgan's prescriptions. (*Id.*; D.E. 167-12 at 2-7). At the motion to dismiss stage, the District Court, following the reasoning in the Fifth Circuit's earlier remand of this case, denied qualified immunity after specifically noting Morgan's allegations that he was not operating a pain management clinic and that the sole purpose of the search was to investigate a crime. (D.E. 126 at 24-31). However, at the motion for summary judgment stage, Morgan has not submitted any evidence to support these allegations or contradict Chapman's findings that led to her conducting the searches.

Because Chapman had reason to believe that Morgan was operating an unregistered pain management clinic, the Fifth Circuit's qualified immunity analysis in *Zadeh* is applicable here. Although Chapman's execution of the instanter subpoena violated Morgan's Fourth Amendment rights, it was not clearly established at the time of the search that an on-demand search of an apparent pain management clinic specifically violated the Constitution. *Zadeh*, 928 F.3d at 468-70; *Cotropia*, 978 F.3d at 288.

27 / 29

Finally, for the same reasons discussed above regarding the claim against Kopacz, Morgan has not shown that the TMB search was merely a pretext to support criminal charges from Kopacz. The record shows that TMB commenced an administrative action against Morgan and that both TMB and Kopacz were independently investigating Morgan prior to the issuance of the subpoenas and the searches. (D.E. 151-3 at 2-5; D.E. 151-6 at 2). Under these circumstances, Morgan has not established that the purpose of the searches was "solely to uncover evidence of criminality," as is necessary to show pretext. *Zadeh*, 928 F.3d at 471-72. Thus, Chapman is entitled to qualified immunity on the Fourth Amendment claim.

## V. RECOMMENDATION

Accordingly, it is recommended that Kopacz's motion for summary judgment (D.E. 151) be **GRANTED**, and Chapman's motion for summary judgment (D.E. 167) be **GRANTED** because both are entitled to qualified immunity on Morgan's claims.

Respectfully submitted on March 5, 2025.

Julie K. Hampton
United States Magistrate Judge

25-40357.1756

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

25-40357.1757

## Certificate of Service

I certify that on October 1, 2025, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

S/Andrew Layton Schlafly

Andrew Layton Schlafly