No. 25-40357

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

COURTNEY MORGAN,
Plaintiff - Appellant
v.
MARY CHAPMAN; JOHN KOPACZ,
Defendants - Appellees

On Appeal from the United States District Court
For the Southern District of Texas – Victoria Division

## APPELLEE KOPACZ' BRIEF

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney
General

**AUSTIN KINGHORN**
Deputy Attorney General for
Defense Litigation

**BRIANA M. WEBB**
Division Chief
Law Enforcement Defense Division

**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

P.O. Box 12548, Capitol Station
Austin, Texas 78711
512-463-2157 (phone)
        512-370-9314 (fax)

**Attorneys for Defendant-Appellee Kopacz**

## CERTIFICATE OF INTERESTED PERSONS

Appellee is a governmental party. Pursuant to Fifth Circuit Rule 28.2.1, Appellee need not furnish a certificate of interested persons.

/s/ *CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

## STATEMENT REGARDING ORAL ARGUMENT

Appellee waives oral argument in this case. The briefs and the record fully lay out the facts and legal disputes at issue. Should the Court deem oral argument appropriate, however, Appellee requests to participate.

# TABLE OF CONTENTS

Certificate of Interested Persons ............................................................. ii

Statement Regarding Oral Argument ...................................................... iii

Table of Contents ...................................................................................iv

Index of Authorities ................................................................................v

Statement of the Case ............................................................................. 1

Summary of the Argument.......................................................................5

Argument..................................................................................................6

   I.   Issuing the Memorandum & Recommendation (Appellant Issue 1).............6

   II.   The Authority of the Magistrate Judge (Appellant Issue 2) .........................7

   III.   *De Novo* Review (Appellant Issue 3) ...........................................................8

   IV.   "The Magistrate's Process" (Appellant Issue 4)...........................................9

   V.   Qualified Immunity (Appellant Issue 5) ....................................................11

    A. Standard ..............................................................................................11

    B. Unreasonable Search ...........................................................................13

    C. Seizure Analogous to Malicious Prosecution .............................................14

    D. Clearly Established Law .......................................................................15

Conclusion............................................................................................. 16

Certificate of Service.............................................................................. 17

Certificate of Compliance ...................................................................... 18

---

## INDEX OF AUTHORITIES

---

**Cases**

Ashcroft v. al-Kidd, 563 U.S. 731 (2011)............................................................12, 13

Brosseau v. Haugen, 543 U.S. 194 (2004) ............................................................ 13

City & County of San Francisco v. Sheehan, 575 U.S. 600 (2015) ......................... 13

City of Escondido v. Emmons, 139 S. Ct. 500 (2019) ...........................................12

Daniels v. Morris, 746 F.2d 271 (5th Cir. 1984)..................................................... 6

Donaldson v. Ducote, 373 F.3d 622 (5th Cir. 2004) ......................................... 8, 10

Hall v. Smith, 497 Fed. App'x 366 (5th Cir. 2012).................................................. 6

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ............................................................ 11

Kisela v. Hughes, 138 S. Ct. 1148 (2018) ...............................................................12

Malley v. Briggs, 475 U.S. 335 (1986) .................................................................... 11

McClendon v. City of Columbia, 305 F.3d 314 (5th Cir. 2002) ............................12

Michalik v. Hermann, 422 F.3d 252 (5th Cir. 2005)............................................. 15

Mullenix v. Luna, 577 U.S. 7 (2015) ...................................................................... 13

Pearson v. Callahan, 555 U.S. 223 (2009).................................................12

Reichle v. Howards, 566 U.S. 658 (2012) ...............................................12

Saucier v. Katz, 533 U.S. 194 (2001) .....................................................12

Singletary v. B.R.X., Inc., 828 F.2d 1135 (5th Cir. 1987)...................... 8, 10

Taylor v. Barkes, 575 U.S. 822 (2015) ...................................................13

United States v. McGuire, 151 F.4th 307 (5th Cir. 2025) .......................15

Wyatt v. Fletcher, 718 F.3d 496 (5th Cir. 2013).....................................11

Zadeh v. Robinson, 928 F.3d 457 (5th Cir. 2019) .............................. 2, 15

**Statutes**

28 U.S.C. § 636..................................................................................7, 8

No. 25-40357

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

COURTNEY MORGAN,
Plaintiff - Appellant
v.
MARY CHAPMAN; JOHN KOPACZ,
Defendants - Appellees

On Appeal from the United States District Court
For the Southern District of Texas – Victoria Division

## STATEMENT OF THE CASE

This lawsuit arises from the service of *instanter* subpoenas on two of Courtney Morgan's medical practices on July 18, 2013.[1] The subpoenas were procured by Mary Chapman, a Texas Medical Board (TMB) investigator who is separately represented in this lawsuit.[2] John Kopacz, then an agent of the Texas Department of Public Safety (DPS), was one of several peace officers enlisted by Chapman to provide an "armed presence while she served administrative *instanter* subpoenas upon Morgan to obtain records from [the medical practices]."[3] Morgan claims that

---

[1]     ROA.734.

[2]     ROA.732-ROA.734.

[3]     ROA.734-ROA.735.

Kopacz, by unconstitutional use of these now-discredited "subpoenas,"[4] illegally searched Morgan's property with the intent to uncover evidence of crimes.[5] Morgan further asserts that Kopacz perpetrated an "unreasonable seizure in violation of the 4th Amendment analagous [sic] to malicious prosecution" by instituting a criminal prosecution against Morgan over a year later.[6]

The district court entered the latest in a series of amended scheduling orders in this matter on November 13, 2023.[7] Pursuant to that scheduling order, Kopacz filed a motion for summary judgment on January 29, 2024.[8] Three days later, the district court held a hearing, where Kopacz' MSJ was explicitly acknowledged by Morgan's counsel, and leveraged against Chapman.[9] In light of collateral issues between Morgan and Chapman, the district court resolved to delay ruling on Kopacz MSJ, and gave Morgan's counsel "free reign to set your schedule."[10]

In the absence of any subsequent effort by Morgan to set a schedule, the

---

[4]     See Zadeh v. Robinson, 928 F.3d 457, 467-68 (5th Cir. 2019).

[5]     ROA.743-ROA.745.

[6]     ROA.746-ROA.748.

[7]     ROA.989-ROA.990.

[8]     ROA.992-ROA.1348.

[9]     ROA.2040-ROA.2041.

[10]     ROA.2047-ROA.2049.

district court entered another scheduling order on April 22, 2024, including a pretrial motions deadline of June 7, 2024.[11] Chapman filed her MSJ on May 14, 2024.[12] On the same day, Chapman also filed a motion to seal exhibits to her MSJ.[13] Seven days later, Morgan filed a motion exclusively to extend his deadline to respond to the motion to seal.[14] In that motion, Morgan explicitly acknowledged Southern District of Texas Local Rule 7.3, which states: "Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."[15]

On September 12, 2024, Morgan's counsel signed a joint motion to vacate the scheduling order, explicitly asserting that "[b]oth Defendants have filed motions for summary judgment raising qualified immunity, which the Court should decide before the case proceeds toward trial."[16] The joint motion also noted that "Plaintiff, through his counsel, indicated he wishes to file responses to Defendants' motions

---

[11]     ROA.1431-ROA.1432.

[12]     ROA.1434-ROA.1662.

[13]     ROA.1663-ROA.1671.

[14]     ROA.1702-ROA.1705.

[15]     ROA.1702; S.D. Tex. L.R. 7.3.

[16]     ROA.1714-ROA.1716.

for summary judgment, but he did not discuss any timeline."[17] A month after that, the district judge issued an order of reference to the magistrate judge, delegating to her, among other things, the duty to "make a recommendation to the Court as to all dispositive motions, including … motions for summary judgment.[18]

Five months later still, on March 5, 2025, the magistrate judge issued a memorandum and recommendation concerning the pending MSJs.[19] Kopacz' MSJ had been on file for 401 days, and Chapman's for 295, neither garnering any response. Twelve days after the recommendation, Morgan protested that he had no warning that any ruling on the MSJs was imminent, that counsel had been distracted by the passing of her sister-in-law – which occurred prior to the filing of either MSJ – and that Morgan should be given leave to belatedly respond.[20] The district court denied leave for late MSJ responses, granted leave for late objections to the recommendation, and ultimately granted both MSJs.[21] Final judgment and this appeal followed.[22]

---

[17]     ROA.1714.

[18]     ROA.1718-ROA.1719.

[19]     ROA.1729-ROA.1757.

[20]     ROA.1758-ROA.1804.

[21]     ROA.1821-ROA.1833; ROA.1944-ROA.1950.

[22]     ROA.1951-ROA.1954.

## SUMMARY OF THE ARGUMENT

The district court correctly granted summary judgment to Kopacz. Morgan was given ample opportunity to respond the MSJ, and the district court was well within its discretion to rule without any additional warning. The district court was also within its statutory authority and discretion to designate a magistrate judge to hear and determine Morgan's motion for leave to respond to the MSJ. Morgan has waived any right to appeal the magistrate judge's ruling on his motion for leave. Morgan's counsel did not demonstrate "excusable neglect" warranting leave for Morgan to respond over a year late to Kopacz' MSJ. The district court's final ruling did satisfy the requirements of *de novo* review, which does not require "analysis and explanations" independent of an adopted memorandum and recommendation.

On the merits, the district court correctly determined by undisputed evidence that Kopacz was not involved in any unconstitutional search, and even if he was, such search was not clearly established to be unconstitutional at the time. There is no evidence that the events of July 18, 2013, were a pretext to support future criminal charges. And Morgan has not pled or supported any cognizable Fourth Amendment claim arising from his later indictment. The district court therefore correctly determined that Kopacz is entitled to qualified immunity.

---

## ARGUMENT

---

### I.    Issuing the Memorandum & Recommendation (Appellant Issue 1)

Despite Morgan's protestations, the record thoroughly reflects how well aware he was of both Kopacz' MSJ and his duty to respond thereto.[23] He simply did not bother to do so. This Court has long held that a district court does not abuse its discretion by granting summary judgment after the local rule's response deadline has passed.[24] "When … the parties have been given ample opportunity to respond to the motion for summary judgment, the district judge may rule on it even after a significant delay, without giving the parties advance notice of the court′s intention to consider and decide the motion on a 'date certain.'"[25] This obvious conclusion specifically applies to Local Rule 7.3.[26]

Morgan's contention that it was unreasonable for the magistrate judge to proceed with a memorandum and recommendation on March 5, 2025, is patently

---

[23]    ROA.992-ROA.1348; ROA.1702-ROA.1705; ROA.1714-ROA.1716; ROA.1718-ROA.1719; ROA.2040-ROA.2041.

[24]    Daniels v. Morris, 746 F.2d 271, 275 (5th Cir. 1984).

[25]    Id. at 275-76.

[26]    Hall v. Smith, 497 Fed. App'x 366, 374 (5th Cir. 2012).

absurd. Even if there was an "honest misunderstanding" about deadlines arising from the district court's February 1, 2024 hearing, any such misunderstanding was erased by the imposition of new, specific deadlines on April 22, 2024.[27] Morgan was not confused about critical deadlines or his obligation to respond to dispositive motions. He ignored them, and the district court properly proceeded with the record before it.

## II.    The Authority of the Magistrate Judge (Appellant Issue 2)

Federal law specifically permits a district judge to designate a magistrate judge to "hear and determine any pretrial matter pending before the court" except for dispositive motions and certain other matters not relevant here.[28] The district court in this matter issued such a designation prior to any of the rulings disputed in this appeal.[29] Morgan's motion for leave to respond to Kopacz' MSJ was self-evidently not a dispositive motion, and thus fully within the magistrate judge's authority to hear and determine.

---

[27]    ROA.1431-ROA.1432.

[28]    28 U.S.C. § 636(b)(1)(A).

[29]    ROA.1718-ROA.1719.

The decisions by the magistrate judge also were not "the functional equivalent of granting [the MSJs]."[30] Because, contrary to Morgan's contrived assertions, that any every other ruling by the magistrate judge *were* subject to review by the district court.[31] Like responses to the MSJs, Morgan simply never bothered to seek review of the magistrate judge's Order in the district court.

It is actually in *this* Court where review is unavailable, because a magistrate judge's order may not by appealed directly.[32] Morgan waived his right to district court review below, and so this Court lacks any jurisdiction to review the denial of Morgan's motion for leave to file a late response to Kopacz' MSJ.[33]

## III.   *De Novo* Review (Appellant's Issue 3)

The district judge began and ended his seven-page order granting summary judgment by stating that he did a *de novo* review of the findings, conclusions, and recommendation of the magistrate judge.[34] Morgan all but accuses the district

---

[30]    Appellant's Brief at 36 (Appellant's Page 25).

[31]    28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law.").

[32]    Donaldson v. Ducote, 373 F.3d 622, 624 (5th Cir. 2004).

[33]    Singletary v. B.R.X., Inc., 828 F.2d 1135, 1137 (5th Cir. 1987).

[34]    ROA.1944-ROA.1950.

judge of lying, complaining of a "lack of analysis or explanation" in response to Morgan's objections.[35]

Logically speaking, the entire point of designating a magistrate judge to produce a memorandum and recommendation is to relieve the district judge of the responsibility to produce a full-scale opinion of his or her own. When a district court, after *de novo* review, accepts and adopts a memorandum and recommendation "in its entirety as the opinion of the Court," nothing requires the district court to paradoxically go about crafting an entirely separate opinion.

Even so, the district court in this case did in fact acknowledge and thoroughly address Morgan's tardy objections to the memorandum and recommendation.[36] Morgan cannot validly complain that his objections were not addressed; only that they were rejected. The district court did not err in conducting a *de novo* review before granting Kopacz' MSJ.

## IV.    "The Magistrate's Process" (Appellant's Issue 4)

Morgan insists that the magistrate judge was unreasonable and abused her discretion in denying Morgan the ability to respond late to Appellees' MSJs. This issue is merely an expansion of Issue 2 and suffers the same fatal flaw. Morgan

---

[35]    Appellant's Brief at 37 (Appellant's Page 26).

[36]    ROA.1945-ROA.1950.

never bothered to appeal the magistrate judge's Order in the district court, and so this Court lacks jurisdiction to conduct any review.[37]

Even if jurisdiction did exist, Morgan's assertion of "good cause" is wholly unavailing. As previously noted, the record demonstrates that no one was confused about the pendency of the MSJs, the obligation to respond, and the imminence of a ruling. The "extraordinary personal crisis" which allegedly prevented Morgan's counsel from responding to the MSJs – the death of an out-of-state sister-in-law – took place three days before Kopacz' MSJ was filed.[38] Contemporaneous with Kopacz' MSJ, and three days after the "crisis," Morgan's counsel filed a lengthy "motion for judicial notice."[39] Three days after that, this particular counsel attended a live hearing in Victoria, Texas – along with two additional attorneys representing Morgan – and never mentioned any personal hardship preventing her from fulfilling her duties.[40] Following Chapman's MSJ, Morgan's counsel

---

[37]    Donaldson, 373 F.3d at 624; Singletary, 828 F.2d at 1137.

[38]    ROA.1770.

[39]    ROA.1350.

[40]    ROA.1773.

10

responded to a motion to seal,[41] and joined a motion to vacate the scheduling order.[42]

The magistrate judge was clearly correct in determining that Morgan failed to establish any good cause for his failure to respond to the MSJs, not least because he has *four* attorneys of record in the district court, and only one asserted any reason, excusable or otherwise, for neglecting the case.[43]

## V.    Qualified Immunity (Appellant's Issue 5)

### A. Standard

When suing government officials, plaintiffs bear the burden of demonstrating that such a defendant is not entitled to qualified immunity.[44] Qualified immunity shields government officials from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[45] Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.[46] Courts are required to

---

[41]    ROA.1706.

[42]    ROA.1714.

[43]    ROA.1828-ROA.1833.

[44]    Wyatt v. Fletcher, 718 F.3d 496, 502 (5th Cir. 2013).

[45]    Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

[46]    Malley v. Briggs, 475 U.S. 335, 341 (1986).

undertake a two-step analysis of the issue of qualified immunity: (1) whether a constitutional right was violated, and (2) whether the allegedly violated right was "clearly established."[47] This analysis may be performed in any order, and failure to establish either element is dispositive in favor of qualified immunity.[48] Ultimately, government officials are entitled to qualified immunity if their conduct was objectively reasonable in light of the legal rules that were clearly established at the time of their actions.[49]

A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[50] "[E]xisting precedent must have placed the statutory or constitutional question beyond debate."[51] The Supreme Court has repeatedly stressed that a clearly established right must be defined with specificity, and not at a high level of generality.[52]

---

[47] McClendon v. City of Columbia, 305 F.3d 314, 322-23 (5th Cir. 2002).

[48] Pearson v. Callahan, 555 U.S. 223, 236 (2009); Saucier v. Katz, 533 U.S. 194, 201 (2001).

[49] McClendon, 305 F.3d at 323.

[50] Reichle v. Howards, 566 U.S. 658, 664 (2012) (cleaned up).

[51] Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).

[52] City of Escondido v. Emmons, 139 S. Ct. 500, 503 (2019) (citing Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018)).

The Supreme Court has also repeatedly counseled that constitutional law is clearly established for qualified immunity purposes in only two ways: Supreme Court precedent or a "robust consensus of cases of persuasive authority" across the Courts of Appeals.[53] By either path, the relevant precedent must "squarely govern" the facts at hand.[54]

Morgan has failed to establish either that Kopacz violated any constitutional right or that any such violation was clearly established on July 18, 2013. Kopacz is therefore entitled to qualified immunity.

### B. Unreasonable Search

The district court correctly determined that Morgan lacks any evidentiary basis to support an unreasonable search claim against Kopacz. The evidence demonstrates clearly that Kopacz had no role in obtaining the *instanter* subpoenas at issue.[55] The subpoenas were procured by Chapman, based upon her own sources of information, to further a TMB administrative investigation.[56] Kopacz, meanwhile, was independently conducting his own criminal investigation, based upon his own

---

[53]     al-Kidd, 563 U.S. at 742; see also City & County of San Francisco v. Sheehan, 575 U.S. 600, 617 (2015); Taylor v. Barkes, 575 U.S. 822, 826 (2015).

[54]     Mullenix v. Luna, 577 U.S. 7, 13 (2015) (quoting Brosseau v. Haugen, 543 U.S. 194, 201 (2004)).

[55]     ROA.1055-ROA.1056; ROA.1171-ROA.1172; ROA.1263.

[56]     ROA.1017-ROA.1031; ROA.1174-ROA.1177.

sources of information, entirely collateral to TMB's subpoenas.[57]

The evidence further demonstrates that on July 18, 2013, Kopacz merely attended to provide security, and performed no search.[58] And there is no evidence that Chapman's use of subpoenas was in any way pretextual to support Kopacz' criminal investigation.[59]

Morgan's briefing on this issue is verbose, baffling, loaded with *non sequitur* – much of it provocatively racial – and argues evidence that is not in the summary judgment record. What it does not do is credibly attack the findings of the district court or the undisputed evidence on which it relied. The district court correctly found that Morgan failed to establish any unconstitutional search claim against Kopacz. Kopacz is entitled to qualified immunity on this claim.

### C. Seizure Analogous to Malicious Prosecution

Aside from his four issues attacking district court procedure, Morgan briefs one merits issue, exclusively concerning the search of his medical practices on July 18, 2013.[60] Morgan's "seizure analogous to malicious prosecution" claim garners a

---

[57]     ROA.1007-ROA.1016.

[58]     ROA.1014; ROA.1068-ROA.1069; ROA.1071-ROA.1072; ROA.1143-ROA.1145; ROA.1263.

[59]     ROA.1007-ROA.1016; ROA.1018-ROA.1031; ROA.1347.

[60]     Appellant's Brief at 45-61 (Appellant's Pages 34-50).

historical mention, but is not otherwise raised as an issue or briefed.[61] "Cursory references to an issue in a brief on appeal result in waiver of that issue."[62] To the extent "seizure analogous to malicious prosecution" was ever a claim in this matter, it is now abandoned, and summary judgment should be affirmed.

### D. Clearly Established Law

As in his MSJ, Kopacz notes that the use of *instanter* subpoenas was not ruled unconstitutional until several years after the incidents giving rise to this suit.[63] There is no precedential law concerning the constitutionality of merely assisting with the execution of *instanter* subpoenas; but with the closest parallel, unconstitutional warrants, this Court has found a mere participants in the execution thereof are free from § 1983 liability.[64]

Morgan only disputes the applicability of Michalik by implying, without any evidence whatsoever, that Kopacz alternatively contributed to or failed to prevent the subpoenas.[65] Morgan does not, however, make any attempt of his own to demonstrate that the law clearly established the unconstitutionality of anything

---

[61]    Appellant's Brief at 17 n.1 (Appellant's Page 6 n.1).

[62]    United States v. McGuire, 151 F.4th 307, 332 n.23 (5th Cir. 2025).

[63]    Zadeh, 928 F.3d at 467-68.

[64]    Michalik v. Hermann, 422 F.3d 252, 261-62 (5th Cir. 2005).

[65]    Appellant's Brief at 49-51 (Appellant's Pages 38-40).

Kopacz did on July 18, 2013. Morgan has utterly defaulted on his burden to meet the second element of the qualified immunity analysis, and summary judgment should therefore be affirmed.

---

## CONCLUSION

---

This Court should affirm the district court's grant of summary judgment to John Kopacz.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**BRIANA M. WEBB**
Division Chief
Law Enforcement Defense Division

*/s/ CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24065628

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157
(512) 963-2109 Fax No.

**ATTORNEYS FOR
DEFENDANT-APPELLEE KOPACZ**

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, Assistant Attorney General, do hereby certify that a true and correct copy of the foregoing has been served via the Court's electronic noticing system on this 14th day of November, 2025.

/s/ *CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

1.  Pursuant to 5th Cir. R. 32.3, the undersigned certifies that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because the brief contains **2755** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of 5th Cir. R. 32.1 because the brief has been prepared using Microsoft Word for Microsoft 365 in a proportionally spaced typeface, Equity Text A 14-point sized font.

3.  If the Court requires, the undersigned will provide an electronic version of this brief and/or a copy of the word or line printout.

4.  The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits provided for in the 5th Circuit Rules, may result in this Court striking this brief and imposing sanctions against the undersigned.

/s/ *CHRISTOPHER LEE LINDSEY*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General